[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 03-16158
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 20, 2004
THOMAS  K. KAHN
CLERK

D. C. Docket No. 02-00038-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAHMOUD ELDICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(December 20, 2004)**

Before BIRCH, KRAVITCH and CUDAHY[*], Circuit Judges.

PER CURIAM:

---

[*]Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

Based upon the concessions and agreement of counsel at oral argument and in their briefs, we VACATE Eldick's sentence and REMAND for re-sentencing. *See* 21 U.S.C. § 841(b)(1)(D);[1] *United States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999), *cert. Denied*, 529 U.S. 1108, 120 S.Ct. 1960 (2000) (". . . we have held that when we vacate a sentence and remand for re-sentencing, the sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing."); *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) ("A criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent consistent with the Sentencing Guidelines.").

---

[1]In the plea agreement, the parties stipulated that the drug involved in Count Two was a Schedule 3 opiate, which carried a five-year statutory maximum. The defendant was sentenced on the basis of the presentence report which erroneously calculated the sentence on Count Two as if the drug was a Schedule 2 opiate, which carries a 20-year statutory maximum. The sentence rendered was plain error because it exceeded the statutory maximum.