[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12237
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 19, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00307-CR-VEH-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

COURTNEY MAYS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 19, 2008)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

The government appeals appellee Courtney Mays's 51-month sentence for

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), challenging the district court's determination that Mays was not an armed career criminal, pursuant to 18 U.S.C. § 924(e). The government argues that the district court erred in deciding that Mays's prior Alabama convictions for first-degree possession of marijuana for other than personal use were not "serious drug offense[s]," for purposes of Armed Career Criminal Act ("ACCA") enhancement. Specifically, the government argues that, pursuant to our unpublished opinion in *United States v. Barnes*, No. 06-14840 (11th Cir. June 6, 2008) (unpublished), possession of marijuana for other than personal use is a serious drug offense under the ACCA. It further argues that the plain meaning of possession of marijuana "for other than personal use," under Ala. Code § 13A-12-213(a)(1), is possession for someone else's use. The government contends that the intent to distribute may be inferred from possession of a certain amount of drugs under both *United States v. James*, 430 F.3d 1150, 1154-55 (11th Cir. 2005), and *United States v. Madera-Madera*, 333 F.3d 1228, 1232-33 (11th Cir. 2003), as well as from possession for other than personal use. Finally, the government argues that Mays cannot invoke the rule of lenity because the Alabama statute is unambiguous.

We review *de novo* whether a prior conviction is a serious drug offense within the meaning of the ACCA. *James*, 430 F.3d at 1153. Section 922(g)

2

prohibits possession of firearms by any person, who has been convicted of a crime punishable by imprisonment for a term exceeding one year.  18 U.S.C. § 922(g). Section 924 sets forth the penalties for § 922 violations.  *See* 18 U.S.C. § 924.  If a defendant has three previous convictions for a violent felony or serious drug offense, the defendant must be imprisoned for not less than 15 years (180 months). 18 U.S.C. § 924(e).  A serious drug offense includes offenses "under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . ., for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Pursuant to Ala. Code § 13A-12-213, a person commits the crime of unlawful possession of marijuana in the first degree if: (1) marijuana is possessed for other than personal use; or (2) marijuana is possessed for personal use after a previous conviction for unlawful possession of marijuana in the second degree or unlawful possession for personal use.  Ala. Code § 13A-12-213.  The offense is punished as a Class C felony, with an imprisonment range of not more than ten years, nor less than one year and one day.  Ala. Code §§13A-5-6(a)(3), 13A-12-213.

After reviewing the record and reading the parties' briefs, we conclude that the district court erred in finding that Mays's prior convictions for first-degree

3

marijuana possession were not "serious drug offenses" for purposes of the ACCA.

As we recently held in *United States v. Barnes, supra*, possession of marijuana for

other than personal use necessarily implies intent to distribute marijuana for

someone else's use. Because this offense categorically involves possession with

intent to distribute and is punishable by up to ten years of imprisonment, it is a

serious drug offense for purposes of the ACCA. Therefore, we conclude that the

district court should have adopted the sentencing guidelines calculation in the pre-

sentence report and should have imposed a sentence of at least 180 months of

imprisonment.

Accordingly, we vacate Mays's sentence and remand this case for further

proceedings consistent with this opinion.

VACATED and REMANDED.