[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13477
Non-Argument Calendar

_____

D.C. Docket Nos. 2:12-cv-08026-IPJ-JHE,
2:10-cr-00107-IPJ-RRA-1

COURTNEY MAYS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 29, 2016)

Before WILSON, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Courtney Mays appeals the district court's denial of his first and only 28

U.S.C. § 2255 motion to vacate his sentence.  Mays was convicted of two counts of

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He

was then sentenced pursuant to 18 U.S.C. § 924(e)(1) of the Armed Career

Criminal Act (ACCA).  Relying on *Descamps v. United States*, 570 U.S. __, 133 S.

Ct. 2276 (2013), and *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551

(2015), Mays asserts his sentence under § 924(e)(1) is illegal.  Specifically, he

argues that, in light of *Descamps* and *Johnson*, he does not have the number of

qualifying prior convictions required to trigger a § 924(e)(1) sentence and,

therefore, his sentence under the section is unlawful.  We agree and find that

Mays's sentence is illegal.  Although *Descamps* and *Johnson* were decided after

Mays's conviction and sentence became final, we hold that both cases apply

retroactively in the first post-conviction context.  Accordingly, we reverse the

district court's denial of Mays's motion and remand for resentencing.

## I.    SENTENCING UNDER THE ACCA

To provide the legal context for Mays's appeal, we begin with a

brief discussion of *Descamps*, *Johnson*, and the relevant portions of § 924(e).

Under § 924(e)(1), "a person who violates 18 U.S.C. § 922(g) and has three

previous convictions for a violent felony or a serious drug offense is subject to

additional fines and a fifteen-year minimum sentence (and has an enhanced

guidelines sentence under U.S.S.G. § 4B1.4)."[1] *United States v. Petite*, 703 F.3d 1290, 1293 (11th Cir. 2013) (internal quotation marks omitted); *see also* 18 U.S.C. § 924(e)(1).  The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion [or] involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  These three "clauses" are known as the "elements clause," the "enumerated clause," and the "residual clause," respectively.

The Court in *Descamps* addressed our approach to determining whether a crime constitutes a violent felony under the enumerated clause.  The enumerated clause only includes prior convictions for "generic" versions of the offenses it lists. *See Descamps*, 133 S. Ct. at 2281.  There are two approaches for determining whether an offense is generic: the "categorical approach" and the "modified categorical approach."  *See id.*  Under the categorical approach, we "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the generic crime."  *Id.* (internal quotation marks omitted).  "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the

---

[1] "Violent felonies" and "serious drug offenses," as defined by the ACCA, are referred to as "ACCA predicates."

same as, or narrower than, those of the generic offense." *Id.* In contrast, under the modified categorical approach, we may look beyond the statutory elements of the prior conviction and consider a "limited class of documents, such as indictments and jury instructions," to determine whether the conviction was for a generic offense. *See id.* In *Descamps*, the Supreme Court held that this analysis can only be performed if the statute in question is "divisible," meaning that it "sets out one or more elements of the offense in the alternative." *See id.* at 2281–82.

In *Johnson*, the Supreme Court considered a constitutional challenge to the residual cause and determined that the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. As such, a defendant cannot be sentenced pursuant to § 924(e)(1) unless he has at least three prior convictions that each meet the criteria of either the elements clause or the enumerated clause. *See id.* at 2563.

## II.    BACKGROUND

Mays was sentenced to two concurrent terms of 15 years' imprisonment pursuant to § 924(e)(1). The sentencing court imposed a § 924(e)(1) sentence based on two prior convictions for possession of marijuana for other than personal use under Alabama Code § 13A-12-213(a)(1) and one prior conviction for third degree burglary under Alabama Code § 13A-7-7. The marijuana convictions were found to be serious drug offenses and the burglary conviction was determined to be a violent felony.

4

In July 2012, Mays filed a pro se § 2255 motion for habeas relief, arguing that he received ineffective assistance of counsel during his direct appeal.  Soon thereafter, the Supreme Court decided *Descamps*.  In August 2013, Mays filed a notice with the district court alleging he was wrongfully sentenced pursuant to § 924(e)(1).  Specifically, he asserted that, under *Descamps*, his burglary conviction was not a violent felony.  He also generally claimed that his sentence is illegal because he does not have at least three prior qualifying convictions under § 924(e)(1).[2]  The Government responded that Mays was procedurally barred from making such an argument by § 2255's period of limitations.  *See* 28 U.S.C. § 2255(f)(3).  The Government also argued that Mays's burglary conviction is a violent felony under the residual clause and, therefore, *Descamps*—which had no effect on the residual clause—did not render Mays's sentence illegal.

The district court accepted the Government's period of limitations defense and dismissed Mays's challenge to his sentence as time-barred.  The court also denied Mays's ineffective assistance of counsel claim.  This court granted a certificate of appealability (COA) on three issues: (1) whether the district court erred by denying Mays's ineffective assistance of counsel claim; (2) whether the district court erred in dismissing Mays's claim that his sentence is illegal under

---

[2] Given Mays's motion to vacate and supplemental notice were filed pro se, we construe them liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (per curiam).

5

*Descamps*; and (3) whether the district court abused its discretion by denying Mays's motion to reconsider.

Mays was appointed counsel prior to filing his brief on appeal. A few months after Mays submitted his brief, the Supreme Court decided *Johnson*, which prompted him to file a notice of supplemental authority. In the notice, Mays stated, *inter alia*, that *Johnson* disposed of the Government's argument that his burglary conviction is a violent felony under the residual clause. Following this notice, the Government and Mays submitted a joint motion for resentencing. In the motion, the Government agreed to withdraw its period of limitations defense against Mays's challenge to his sentence, and Mays agreed to dismiss his ineffective assistance of counsel claim. The Government also conceded that, in light of *Johnson*, it believes Mays's sentence under § 924(e)(1) is unlawful.

After receiving Mays's notice of supplemental authority and the parties' joint motion for resentencing, we requested supplemental briefing on several issues related to *Johnson*'s application to this case. In its responding supplemental briefing, the Government stated that it is waiving non-retroactivity as a defense to Mays's *Descamps* and *Johnson* arguments. The Government also reiterated its withdrawal of its period of limitations defense to Mays's challenge to his sentence.

## III.    DISCUSSION

6

The dispositive issue before us is whether Mays's § 924(e)(1) sentence is unlawful. This issue turns on two questions of law: whether (1) *Descamps* and (2) *Johnson* apply retroactively to Mays despite being decided after his conviction and sentence became final. If both *Descamps* and *Johnson* apply retroactively to Mays—a first time habeas petitioner—then his burglary conviction is not a qualifying conviction under § 924(e)(1), and his sentence is illegal because he does not have at least three qualifying convictions. Accordingly, in considering the legality of Mays's sentence, we focus our analysis on resolving these *Descamps* and *Johnson* "retroactivity" questions. However, we first briefly discuss a threshold procedural issue: the scope of the COA.

## A. Scope of the COA

All three issues included in the COA are now moot. Mays has withdrawn his ineffective assistance of counsel claim, thereby mooting the first COA issue. Furthermore, the "time-barred" issue that the district court relied on in denying Mays's challenge to his sentence is moot because the Government has waived its period of limitations defense. *See Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1261 (11th Cir. 2013) ("[T]he procedural-default rule is not jurisdictional [in the post-conviction context], but is an affirmative defense that is subject to waiver by the government."). Therefore, the second and third COA issues are also moot. Nonetheless, as noted above, the core issue raised by Mays

7

before the district court—whether his sentence is legal—remains.  Given this issue is not included in the COA, we must consider whether the circumstances warrant expanding the COA to include it.

We find that expansion of the COA is clearly warranted.  "On exceptional occasions," we may expand a COA sua sponte to include issues that "reasonable jurists would find . . . debatable."  *See Dell v. United States*, 710 F.3d 1267, 1272–73 (11th Cir. 2013); *Thomas v. Crosby*, 371 F.3d 782, 796 (11th Cir. 2014) ("[O]ur cases establish the power of our court to add issues to a COA sua sponte."); *Hodges v. Att'y Gen.*, 506 F.3d 1337, 1341–42 (11th Cir. 2007).  "Exceptional occasions" include cases where we request supplemental briefing on issues not included in the COA.  *See Dell*, 710 F.3d at 1272–73.  Here, we requested supplemental briefing on issues related to the legality of Mays's sentence.  In addition, as made apparent by the Government conceding that it believes Mays's sentence is illegal, this issue is one "that reasonable jurists would find . . . debatable."  *See id.* at 1273.  Lastly, if we did not expand the COA, remand to the district court would be necessary.  But, whether Mays's sentence is illegal involves purely legal questions that would not benefit from remand.  *See Reed v. Beto*, 343 F.2d 723, 725 (5th Cir. 1965) ("Passing then to the merits of this argument, in view

of its being a pure question of law, we see no need to remand it for a determination by the District Court.").[3]

## B. **Legality of Mays's Sentence**

Mays's challenge to his sentence turns on whether his Alabama Code § 13A-7-7 conviction for third degree burglary is a violent felony.[4]  We review de novo whether that burglary conviction qualifies as a violent felony.  *See United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).  The only ACCA clauses that could apply to the conviction are the enumerated and residual clauses.[5]  However, we conclude that, in light of *Descamps* and *Johnson*, neither clause applies to Mays.

### 1.  **Enumerated Clause**

At the time Mays was sentenced, an Alabama Code § 13A-7-7 third degree burglary conviction could qualify as a violent felony under the enumerated clause. *See United States v. Rainer*, 616 F.3d 1212, 1213, 1216 (11th Cir. 2010).  Post-*Descamps*, this is no longer the case.  Based on *Descamps*, we held in *Howard* that

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit).

[4] There is no dispute that Mays's two convictions under Alabama Code § 13A-12-213(a)(1) qualify as serious drug offenses under § 924(e)(1). *See United States v. Mays* (*Mays I*), 300 F. App'x 735, 737 (11th Cir. 2008) (per curiam).

[5] The elements clause clearly is inapplicable.  Alabama Code § 13A-7-7 provides "[a] person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein."  As such, third degree burglary in Alabama does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." *See* 18 U.S.C. § 924(e)(2)(B)(i).

a conviction for third degree burglary cannot qualify as a violent felony under the enumerated clause because Alabama Code § 13A-7-7 is an indivisible, non-generic statute. *Howard*, 742 F.3d at 1348–49. Thus, if Mays was sentenced today, the enumerated clause would not apply to his burglary conviction. But, given that Mays's conviction and sentence became final prior to *Descamps*, our analysis does not end here. We must consider whether *Descamps* and *Howard* apply retroactively to Mays. This requires us to analyze *Descamps* through the "retroactivity" framework set forth in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989) and related Supreme Court cases.

In *Teague* and subsequent cases, the Supreme Court "laid out the framework to be used in determining whether a rule announced in one of [its] opinions should be applied retroactively to judgments in criminal cases that are already final."[6] *Whorton v. Bockting*, 549 U.S. 406, 416, 127 S. Ct. 1173, 1180 (2007). "Under the *Teague* framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." *Id.*

---

[6] In its supplemental briefing, the Government states that it "waives any non-retroactivity defense that would bar the application of *Descamps* to the merits of Mays'[s] claim." Based on this waiver, the Government asserts that we need not consider whether *Descamps* triggers a "retroactivity" analysis under *Teague*. The Government takes a similar position with *Johnson*. However, "*Teague* analysis is ordinarily our first step when we review a federal habeas case," and we have discretion to perform such analysis even where the Government completely fails to raise a *Teague* argument. *See Schiro v. Farley*, 510 U.S. 222, 228–29, 114 S. Ct. 783, 788–89 (1994); *Caspari v. Bohlen*, 510 U.S. 383, 389, 114 S. Ct. 948, 953 (1994) ("[A] federal court may, but need not, decline to apply *Teague* if the [Government] does not argue it.").

"A new rule is defined as a rule that was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* at 416, 127 S. Ct. at 1181 (internal quotation marks omitted). As the Supreme Court and other circuits have recognized, *Descamps* did not announce a new rule—its holding merely clarified existing precedent. *See Descamps*, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *id.* at 2285 ("That is the job, *as we have always understood it*, of the modified approach . . . ." (emphasis added)); *Ezell v. United States*, 778 F.3d 762, 763 (9th Cir. 2015) ("We hold that the Supreme Court did not announce a new rule of constitutional law in *Decamps*. Rather, it clarified—as a matter of statutory interpretation—application of the ACCA in light of existing precedent."), *cert. denied*, 136 S. Ct. 256 (2015); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) ("The Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming" an existing approach.).

Given *Descamps* did not announce a new rule, it and *Howard* apply here. *See Whorton*, 549 U.S. at 416, 127 S. Ct. at 1180. Under *Descamps* and *Howard*, third degree burglary convictions in Alabama cannot qualify as violent felonies under the enumerated clause. Accordingly, the enumerated clause does not apply to Mays's burglary conviction.

## 2. Residual Clause

11

Although we conclude that the enumerated clause does not apply, Mays's

sentence could still be upheld if the residual clause is applicable.  It is clear that the

residual clause is unconstitutional under *Johnson*, but *Johnson* was also decided

after Mays's conviction and sentence became final.  Thus, as with *Descamps*, the

dispositive "residual clause" question before us is whether *Johnson* applies

retroactively in the present context.[7]  This means we must again turn to *Teague*.[8]

As noted above, under *Teague*, new rules are not typically applicable to

cases on collateral review.  *Whorton*, 549 U.S. at 416, 127 S. Ct. at 1180.

However, the Supreme Court has established a general principle that new

substantive rules and watershed rules of criminal procedure are not subject to this

retroactivity bar.  *See Montgomery v. Louisiana*, 577 U.S. __, __, 136 S. Ct. 718,

728 (2016); *Schriro v. Summerlin*, 542 U.S. 348, 351–52, 124 S. Ct. 2519, 2522

(2004); *Teague*, 489 U.S. at 307–09, 109 S. Ct. at 1073–74.  New substantive rules

include, for example, "decisions that narrow the scope of a criminal statute by

interpreting its terms" and "constitutional determinations that place particular

---

[7] Under our precedent prior to *Johnson*, burglary convictions similar to Mays's qualified as violent felonies under the residual clause.  *See United States v. Matthews*, 466 F.3d 1271, 1275–76 (11th Cir. 2006).  Therefore, if *Johnson* does not apply to Mays retroactively, his sentence could be upheld through the residual clause.

[8] As an initial matter, the Government contends that we may not consider *Johnson* because Mays did not specifically raise any residual clause claims before the district court.  However, based on the record before us—including the supplemental briefing we requested on *Johnson*—we disagree.

12

conduct or persons covered by the statute beyond the State's power to punish."[9]

*See Schriro*, 542 U.S. at 351–52, 124 S. Ct. at 2522. "Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Id.* at 352, 124 S. Ct. at 2522–23 (internal quotation marks omitted). Under this framework, a new rule applies retroactively if: (1) the Supreme Court holds the rule is not subject to the *Teague* retroactivity bar; or (2) the *Teague* principles of retroactivity established by the Court, such as those outlined above, provide for retroactive application of the rule. *See Tyler v. Cain*, 533 U.S. 656, 663–66, 121 S. Ct. 2478, 2482–84 (2001); *Bryant*, 738 F.3d at 1277–78 (finding a new rule retroactive based on the *Teague* principles of retroactivity but noting that, in the § 2255(h) context, only the Supreme Court can find a rule retroactive).

In *In re Rivero*, we held that *Johnson* established a new substantive rule. 797 F.3d 986, 989 (11th Cir. 2015). Specifically, we found that *Johnson* "narrowed the class of people who are eligible for an increased sentence under the"

---

[9] Although the latter type of substantive rule is often characterized as a *Teague* exception, the *Schriro* Court clarified that such a rule simply is not subject to the *Teague* retroactivity bar. 542 U.S. at 352, 124 S. Ct. at 2522 n.4. Indeed, the principle that this type of substantive rule applies retroactively is independent of *Teague*—it arises from the Constitution. *See Montgomery*, 136 S. Ct. at 729; *Mackey v. United States*, 401 U.S. 667, 692 (1971) (Harlan, J., concurring in part and dissenting in part) (providing the foundation for *Teague*, Justice Harlan stated, "new 'substantive due process' rules, that is, those that place, as a matter of constitutional interpretation, certain kinds of primary, private individual conduct beyond the power of criminal law-making authority to proscribe, must, in my view, be placed on a different footing").

13

ACCA. *Id.* In that case, we considered a federal prisoner's application to file a second or successive habeas petition. Such an application may only be granted if it involves newly discovered evidence or "a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable."[10] 28 U.S.C. § 2255(h) (emphasis added). The prisoner in *Rivero* claimed *Johnson* satisfied the "new rule of constitutional law" requirement.

A new rule is only made retroactive by the Supreme Court if the Court explicitly holds that the rule applies retroactively or such a holding results by "logical necessity" from multiple Court opinions. *Tyler*, 533 U.S. at 668–70, 121 S. Ct. at 2485–86. "The Supreme Court does not make a rule retroactive when it merely establishes principles of retroactivity[, such as the *Teague* principles,] and leaves the application of those principles to lower courts." *See id.* at 663, 121 S. Ct. at 2482 (internal quotation marks omitted). In *Rivero*, we concluded that the Supreme Court has not explicitly held *Johnson* to be retroactive and "[n]o combination of holdings of the Supreme Court 'necessarily dictate' that *Johnson* should be applied retroactively on collateral review." 797 F.3d at 989. Accordingly, we rejected the prisoner's argument that *Johnson* was "made retroactive . . . by the Supreme Court," and we found that the prisoner failed to satisfy § 2255(h). *See id.* (internal quotation marks omitted).

---

[10] Section 2244(b)(2), which applies to state prisoners bringing a second or successive habeas petition, includes similar language. *See* 18 U.S.C. § 2244(b)(2).

14

In contrast to *Rivero*, we are presented here with a prisoner's first habeas petition, not an application for a second or successive petition. As such, § 2255(h) and its "made retroactive . . . by the Supreme Court" requirement are not applicable. This means we must engage in a broader retroactivity analysis than we did in *Rivero*. In other words, *Rivero* is not controlling here. As noted above, the retroactivity analysis demanded by 28 U.S.C. § 2255(h) is narrow—it is limited to whether the Supreme Court has explicitly, or by logical necessity, *made* a rule retroactive. *See Bryant*, 738 F.3d at 1278 (stating that the Supreme Court's general retroactivity jurisprudence "is quite different from the stricter, *statutory* retroactivity requirements in 28 U.S.C. § 2255(h)"). Given that "the Supreme Court does not *make* a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts," a § 2255(h) analysis does not address such principles. *See Tyler*, 533 U.S. at 663, 121 S. Ct. at 2482 (emphasis added); *Bryant*, 738 F.3d at 1278. However, we may not ignore Supreme Court precedent regarding principles of retroactivity, such as the *Teague* principles, when § 2255(h) is not implicated.

Applying the *Teague* principles, *Johnson* is retroactive because it qualifies as a substantive rule.[11] First, we have already found that *Johnson* is a new substantive rule since it narrows the class of people that may be eligible for a

---

[11] Notably, in its supplemental briefing, the Government stated that it believes *Johnson* applies retroactively and that Mays is therefore entitled to relief.

heightened sentence under the ACCA. *See Rivero*, 797 F.3d at 989. Second, "a significant risk exists that some defendants . . . who were sentenced before [*Johnson*] have erroneously received the increased penalties under § 924(e) *and* now are serving prison terms . . . that the law cannot impose upon them." *See Bryant*, 738 F.3d at 1278 (citing *Schriro*, 542 U.S. at 352, 124 S. Ct. at 2522–23) (internal quotation marks omitted). This case is demonstrative. Mays does not simply face a significant risk of unlawful punishment in light of *Johnson*. Unlawful punishment is guaranteed. *Johnson* "eliminated [the] State's power to . . . impose [the very] punishment" that Mays currently faces—a prison term based on the residual clause. *See Montgomery*, 136 S. Ct. at 729–30 (discussing the scope of and rationale underlying the *Teague* substantive rule principle). Finally, *Rivero* supports a finding that *Johnson* applies retroactively under the *Teague* principles. Referencing *Schriro*'s conclusion that, under *Teague*, "new substantive rules generally apply retroactively on collateral review," *Rivero* stated that *Johnson* would apply retroactively to a prisoner "seeking a first collateral review of his sentence." *See Rivero*, 797 F.3d at 991. Therefore, we hold that *Johnson* applies retroactively on collateral review to prisoners seeking habeas relief for the first time.

In light of our finding that *Johnson* applies retroactively to prisoners, like Mays, who are challenging their § 924(e)(1) sentence via an initial habeas petition,

we conclude that Mays's burglary conviction cannot be considered a violent felony under the residual clause.

*       *       *

In sum, neither the enumerated clause nor the residual clause applies to Mays's burglary conviction.  The conviction is, therefore, not a violent felony, and Mays has, at most, two qualifying prior convictions under § 924(e)(1).  As a result, Mays's sentence is illegal.[12]

## IV.   CONCLUSION

We reverse the district court's denial of Mays's § 2255 motion to vacate and remand this case to district court for resentencing, without the § 924(e)(1) enhancement.  In resentencing Mays, the district court shall perform a fresh review of the 18 U.S.C. § 3553(a) factors.  *See United States v. Estrada*, 777 F.3d 1318, 1323 (11th Cir. 2015) (per curiam) (ordering that, on remand for resentencing, "the district court shall consider all appropriate 18 U.S.C. § 3553(a) factors in determining a reasonable sentence").

---

[12] Moreover, such an illegal sentence warrants habeas relief.  Defendants convicted under § 922(g)(1) are subject to a 10-year statutory maximum sentence unless they qualify for § 924(e)(1)'s 15-year minimum sentence.  *See* 18 U.S.C. §§ 924(a)(2), (e)(1).  Hence, erroneously sentencing a defendant under § 924(e)(1) results in "actual prejudice": a sentence 5 years above the applicable statutory maximum.  *See Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722 (1993) (internal quotation marks omitted).  Indeed, that sentencing error "affect[s] [the defendant's] substantial rights and seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings."  *See United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009) (internal quotation marks omitted) (holding that an error resulting in a sentence above the statutory maximum meets even the plain error standard).

17

**REVERSED AND REMANDED.**

JORDAN, Circuit Judge, concurring.

We have held that *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015)—which ruled that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague—"announced a new substantive rule of constitutional law." *In re Rivero*, 786 F.3d 986, 988 (11th Cir. 2015) (denying application for leave to file a second or successive motion to vacate because the Supreme Court had not made *Johnson* retroactive to cases on collateral review). Under *Montgomery v. Louisiana*, 136 S.Ct. 718, 729 (2016), which the Supreme Court decided after *Rivero*, "when a new [substantive] rule of constitutional law controls the outcome of a case, the Constitution requires" that rule to be given retroactive effect on collateral review.

The combination of *Rivero* and *Montgomery* makes *Johnson* retroactive and applicable to cases on initial collateral review. Whether or not *Montgomery* also calls into question the retroactivity holding of *Rivero* itself (as to applications to file a second or successive motion to vacate based on *Johnson*) is a matter left for another day. I note also that *Montgomery*, which held that *Miller v. Alabama*, 132 S.Ct. 2455 (2012), announced a new substantive rule of constitutional law which had to be given retroactive effect on collateral review, abrogates our contrary decision (and much of the retroactivity analysis) in *In re Morgan*, 713 F.3d 1365 (11th Cir. 2013).

19

Finally, I recognize that the *Johnson* issue is being raised for the first time on appeal and that our review is therefore for plain error. That standard of review, however, does not call for a different result here. We have held that, where a sentence exceeds the statutory maximum, plain error exists and needs to be corrected because it affects the defendant's substantial rights as well as the fairness, integrity, and public reputation of the judicial proceedings. *See United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009) (sentences of life imprisonment, resulting from district court's plain error in treating a defendant's prior Florida drug offenses as "serious drug offenses" under the "three strikes law," 18 U.S.C. § 3559(c), had to be vacated because they exceeded the statutory maximum terms of 20 years that would have otherwise applied); *United States v. Eldick*, 393 F.3d 1354, 1354 n.1 (11th Cir. 2004) ("The sentence rendered was plain error because it exceeded the statutory maximum.").

With these thoughts, I join the court's opinion in full.