JORDAN, Circuit Judge,
concurring.
We have held that Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 2557, 192 L.Ed.2d 569 (2015) — which ruled that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague — “announced a new substantive rule of constitutional law.” In re Rivero, 797 F.3d 986, 988 (11th Cir.2015) (denying application for leave to file a second or successive motion to vacate because the Supreme Court had not made Johnson retroactive to cases on collateral review). Under Montgomery v. Louisiana, — U.S. -, 136 S.Ct. 718, 729, 193 L.Ed.2d 599 (2016), which the Supreme Court decided after Rivero, “when a new [substantive] rule of constitutional law controls the outcome of a case, the Constitution requires” that rule to be given retroactive effect on collateral review.
The combination of Rivero' and Montgomery makes Johnson retroactive and applicable to cases on initial collateral review. Whether or not Montgomery also calls into question the retroactivity holding of Rivero itself (as to applications to file a second or successive motion to vacate based on Johnson) is a matter left for another day. I note also that Montgomery, which held that Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d *738 407 (2012), announced a new substantive rule of constitutional law which had to be given retroactive. effect on collateral review, abrogates our contrary decision (and much of the retroactivity analysis) in In re Morgan, 713 F.3d 1365 (11th Cir.2013).
Finally, I recognize that .the Johnson issue is being raised for thé first time on appeal and that our review is therefore for plain error. That standard of review, however, does not call for a different result here. ■ We have held that, - where a sentence exceeds the statutory maximum, plain error exists and needs to be corrected because it affects the defendant’s substantial rights as well as the. fairness, integrity, and public reputation of the judicial proceedings. . See United States v. Sanchez, 586 F.3d 918, 930 (11th Cir.2009). (sentences of life imprisonment, resulting from district court’s plain error in treating a defendant’s prior Florida drug offenses as “serious drug offenses” under the “three strikes law,”' 18 U.S.C. § 3559(c), had to be vacated because they exceeded the statutory maximum terms of 20 years that would have otherwise applied); United States v. Eldick, 393 F.3d 1354, 1354 n. 1 (11th Cir.2004) (“The sentence rendered was plain error because it exceeded the statutory maximum.”).
' With'these thoughts, I join the court’s opinion in full.