[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11753
Non-Argument Calendar

_____

D.C. Docket No. 8:07-cr-00205-RAL-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY LAMONT RANDALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 7, 2016)

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Randall appeals his 60-month imprisonment sentence, imposed upon revocation of supervised release.  On appeal, Randall argues, and the government concedes, that the district court erred because it imposed a sentence that was above the statutory maximum.  Randall was originally convicted of being a felon in possession of a firearm, and he received an enhanced sentence under the Armed Career Criminal Act ("ACCA").  However, he filed a habeas corpus petition that successfully challenged his ACCA enhancement, which resulted in his re-sentencing and changed his underlying conviction from a Class A felony to a Class C felony.  Therefore, the district court was limited to a maximum revocation sentence of two years' imprisonment.  He argues on appeal that the U.S. Probation Office, and by extension, the district court, mistakenly relied on the presentence investigation report from his original sentencing, which showed that his offense was a Class A felony, to state that the statutory maximum upon revocation was five years.

We review for plain error an argument that is raised for the first time on appeal.  *United States v. Pantle*, 637 F.3d 1172, 1174 (11th Cir. 2011).  Under plain error review, we may correct an error where: (1) an error occurred; (2) the error was plain; (3) the error affects substantial rights; and (4) the error seriously affected the fairness of the judicial proceedings.  *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003).

2

An individual who is convicted of being a felon in possession of a firearm, and who is not subject to an ACCA-enhanced sentence, is subject to a maximum penalty of 10 years' imprisonment.  *See* 18 U.S.C. § 924(a)(2), (e)(1); *see also* 18 U.S.C. § 922(g)(1).  A crime punishable by up to 10 years' imprisonment is a Class C felony.  18 U.S.C. § 3559(a)(3).

The permissible terms of imprisonment following a revocation of supervised release are set out in 18 U.S.C. § 3583(e).  *See* 18 U.S.C. § 3583(e).  Under § 3583(e), the district court may revoke a term of supervised release and require that the defendant serve in prison all or part of the term of supervised release if the district court finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that:

> a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case.

*Id.* § 3853(e)(3).  A sentence that exceeds the statutory maximum is plain error. *United States v. Eldick*, 393 F.3d 1354, 1354 n.1 (11th Cir. 2004).

The district court plainly erred when it sentenced Randall to a 60-month imprisonment term for violating the conditions of his supervised release.  Randall's underlying offense, after re-sentencing, was a Class C felony.  18 U.S.C. §3559(a)(3); 18 U.S.C. § 922(g)(1).  Therefore, the maximum imprisonment term

3

the district court was authorized to impose for Randall's supervised release violation was two years.  18 U.S.C. § 3583(e)(3).  Moreover, because the court imposed an illegal imprisonment term, the district court's plain error seriously affected Randall's substantial rights and the fairness of his sentencing proceedings. *See Gresham*, 325 F.3d at 1265.  Accordingly, we vacate Randall's sentence and remand for resentencing.

**VACATED AND REMANDED.**