[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11334
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00549-SDM-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PIERRE WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 9, 2019)

Before MARCUS, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Pierre Walker appeals his concurrent 137-month sentences for conspiracy

with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846;

possession with the intent to distribute cocaine, in violation of 21 U.S.C.

§ 841(a)(1),(b)(1)(C), and 18 U.S.C. § 2; and three counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that the district court erroneously found his Florida conviction for felony battery to be a crime of violence for purposes of a sentence enhancement under U.S.S.G. § 2K2.1(a)(3). He also argues that the district court plainly erred by imposing sentences that exceed the statutory maximum for his possession of a firearm by a convicted felon convictions. The government responds that Walker's first argument is foreclosed by binding caselaw, but it agrees that the district court plainly erred in imposing sentences above the statutory maximum, and asks us to remand for the limited purpose of correcting the sentences as to the firearm convictions. Walker replies that his entire sentence, not just his firearm convictions, should be vacated and remanded for further proceedings.

## I.

We review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines. *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010).

Under the Sentencing Guidelines, the unlawful possession of a firearm carries a base offense level of 22 if the defendant committed any part of the offense subsequent to sustaining at least 1 felony conviction for either a crime of violence

2

or a controlled substance offense.  U.S.S.G. § 2K2.1(a)(3).  U.S.S.G. § 2K2.1 cross-references to U.S.S.G. § 4B1.2 for the definition of a crime of violence.  *Id.* § 2K2.1, comment. (n.1).  The elements clause of U.S.S.G. § 4B1.2(a) defines a crime of violence as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a)(1); *United States v. Vail-Bailon*, 868 F.3d 1293, 1297 n.5 (11th Cir. 2017).

In determining whether an offense qualifies as a crime of violence, we begin with the categorical approach, comparing the elements of the statute of conviction with the generic definition of a crime of violence.  *United States v. Estrella*, 758 F.3d 1239, 1244 (11th Cir. 2014).  However, where the statute is divisible, meaning that it sets out one or more elements of the offense in the alternative, courts may apply the modified categorical approach, which allows courts to examine certain records, in addition to the fact of conviction and statutory definition for the offense, to determine whether committing the offense required committing a crime of violence.  *Id*. at 1245.

The Florida Statutes provide that a person commits felony battery if he or she:

> (a)    Actually and intentionally touches or strikes another person against the will of the other; and

3

      (b)     Causes great bodily harm, permanent disability, or permanent disfigurement.

FLA. STAT. § 784.041.

In *Vail-Bailon*, we held that Florida felony battery, in violation of Fla. Stat. § 784.041, necessarily requires the use of "physical force" and thus categorically qualifies as a crime of violence under the elements clause of the 2014 version of U.S.S.G. § 2L1.2, which is identical to U.S.S.G. § 4B1.2(a). 868 F.3d at 1299. We concluded that because "great bodily harm, permanent disability, or permanent disfigurement" must result from the "touch or strike," the offense required a degree of physical force sufficient to satisfy the elements clause. *Id.* at 1301-02. In reaching this conclusion, we assumed that the defendant had committed felony battery by a "touching," the least of the acts criminalized by the statute. *See id.* at 1296.

Under the prior precedent rule, we are bound by our prior decisions unless and until they are overruled by the Supreme Court or this Court *en banc*. *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003). Although Walker argues that *Vail-Bailon* was wrongly decided, our decisions remain binding unless and until they are overruled. *See Brown*, 342 F.3d at 1246. *Vail-Bailon* held that Walker's conviction for Florida felony battery qualifies as a crime of violence

4

under the elements clause of the Sentencing Guidelines.  868 F.3d at 1299.

Accordingly, we affirm as to this issue.

## II.

Ordinarily, we review the legality of a criminal sentence *de novo*.  *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002).  Illegal sentences include those that exceed the statutory maximum for a given offense.  *United States v. Cobbs*, 967 F.2d 1555, 1558 (11th Cir. 1992).  However, when an appellant fails to raise an argument regarding the statutory maximum at the district court level, we will review only for plain error.  *United States v. Smith*, 532 F.3d 1125, 1129 (11th Cir. 2008).  Under the plain error standard, the defendant must show that: (1) the district court erred, (2) the error was plain, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness of the judicial proceedings. *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014).

A sentence that exceeds the statutory maximum constitutes plain error. *United States v. Eldick*, 393 F.3d 1354, 1354 n.1 (11th Cir. 2004) (*per curiam*). Such a sentence affects a defendant's substantial rights and seriously affects the fairness of the judicial proceedings.  *United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009).  The maximum term of imprisonment for possession of a firearm

5

by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), is 120 months.  18 U.S.C. § 924(a)(2).

Where one conviction in a multi-count case contains a restrictive statutory maximum sentence, the Sentencing Guidelines provide that the sentence for the conviction carrying the restrictive maximum should run concurrently with those convictions capable of accommodating the sentence.  U.S.S.G. § 5G1.2(c).  The sentence for the conviction with the restrictive maximum will "be set at the lesser of the total punishment and the applicable statutory maximum, and be made to run concurrently with all or part of the longest sentence."  *Id.* § 5G1.2, comment. (n.1).

We have "broad discretion to fashion an appropriate mandate on remand after the vacatur of a sentence."  *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010).  On remand, there is no automatic right to a full resentencing hearing with the defendant's presence.  *United States v. Brown*, 879 F.3d 1231, 1237 (11th Cir. 2018).  This is because resentencing proceedings fall along a spectrum, with some being as "unconstrained and open-ended as the initial sentencing," and others involving merely a "technical revision of the sentence dictated by the appeals court."  *Id.*

As a rule, we treat sentences on multiple counts as a single package.  *Id.* at 1239.  When a multi-count sentence incorporates an illegal sentence, the entire

6

case should be remanded for resentencing. *United States v. Gari*, 572 F.3d 1352, 1366 (11th Cir. 2009). If the district court viewed a defendant's sentence as a "package," with each component of the sentence dependent on the other, the district court "may" revisit the entire sentence in a multi-count case on remand, even if only a single component of the sentence is defective. *United States v. Fowler*, 749 F.3d 1010, 1016-17 (11th Cir. 2014). However, it is in the interest of judicial economy for the district court "not to redo that which has been done correctly at the first" sentencing hearing. *United States v. Rogers*, 848 F.2d 166, 169 (11th Cir. 1988). Accordingly, we may commit decisions as to whether a resentencing hearing is necessary and the scope of such a hearing to the discretion of the district court. *Gari*, 572 F.3d at 1366.

As the government concedes, the district court plainly erred by imposing sentences that exceeded the statutory maximum for Walker's firearm convictions. Because the firearm convictions were part of a sentencing package, we vacate the sentences for all counts and remand for resentencing. However, we leave to the district court's discretion whether to hold a resentencing hearing and the scope of such a hearing. *Gari*, 572 F.3d at 1366.

7

Accordingly, we affirm in part as to the district court's application of

U.S.S.G. § 2K2.1 and vacate Walker's sentences on all counts of convictions for

resentencing.

**AFFIRMED IN PART,**
**VACATED AND REMANDED IN PART.**