[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10369
Non-Argument Calendar

_____

D.C. Docket Nos. 1:11-cr-00042-JRH-BKE-1,
1:10-1cr-00324-JRH-BKE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH R. CUMMINGS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 17, 2021)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Keith Cummings appeals his 18-month prison sentence, imposed upon a 2020

revocation of his supervised release under 18 U.S.C. § 3583(e).  On appeal, he argues

that the district court plainly erred by sentencing him above the statutory maximum sentence for his aggravated identity theft conviction after it revoked his supervised release and by imposing a general revocation sentence in both his 2017 and 2020 revocation proceedings. For the reasons which follow, we affirm.[1]

## I

We generally review a sentence imposed upon revocation of supervised release for reasonableness. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). The party who challenges the sentence bears the burden of showing that it is unreasonable. *See United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016).

But where, as here, a defendant fails to preserve a challenge to the procedural reasonableness of his sentence, we review only for plain error. *See United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003). Plain error review requires a defendant to show that there was an error, it was plain, it affected his substantial rights, and "it seriously affected the fairness of the judicial proceedings." *Id.* An error is plain if it is clear or obvious, i.e., if the explicit language of a statute or rule or precedent from the Supreme Court or our Court directly resolves the issue. *See United States v. Innocent*, 977 F.3d 1077, 1085 (11th Cir. 2020). An error affects a

---

[1] We assume the parties' familiarity with the facts and the record, and set out only what is necessary to explain our decision.

defendant's substantial rights if there is "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (quotation marks omitted). A sentence that exceeds the statutory maximum constitutes plain error. *See United States v. Eldick*, 393 F.3d 1354, 1354 n.1 (11th Cir. 2004). Such a sentence affects a defendant's substantial rights and seriously affects the fairness of the judicial proceedings. *See United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009). So, if Mr. Cummings can show that the district court imposed a sentence above the statutory maximum for the 2020 revocation, he will have established plain error.[2]

## II

A Class C felony is an offense that has a maximum statutory penalty of at least 10 but less than 25 years' imprisonment, while a Class E felony is an offense that has a maximum statutory penalty of more than 1 but less than 5 years' imprisonment. *See* 18 U.S.C. § 3559(a)(3), (5). The maximum term of imprisonment that a court may impose upon revocation of supervised release is two years for a Class C felony and one year for a Class E felony. *See* 18 U.S.C. § 3583(e)(3).

Mr. Cummings had previously been convicted of fraudulent use of an unauthorized access device and unlawful possession of forged securities in Case

---

[2] Mr. Cummings did not appeal his 2017 revocation sentence, so that sentence is outside of the scope of this appeal. We address only the 2020 revocation sentence.

3

Nos. 10-CR-00324 and 11-CR-00042. Both of these offenses were Class C felonies which carried a maximum sentence of ten years' imprisonment. *See* 18 U.S.C. § 1029(a)(2), (c)(1)(A)(i). He had also been convicted of aggravated identity theft in Case No. 10-CR-00324. This offense was a Class E felony which carried a statutory maximum penalty of two years imprisonment. *See* 18 U.S.C. § 1028A(a)(1). The maximum term of supervised release that may be imposed as part of a revocation sentence is the term of supervised release that was authorized for the initial term less any term of imprisonment imposed upon revocation. *See* 18 U.S.C . § 3583(h).

When a defendant commits a Grade B violation of the conditions of supervised release and has a criminal history category of IV, the applicable guideline range is 12 to 18 months' imprisonment. *See* U.S.S.G. § 7B1.4(a). Nevertheless, the district court may not impose a within-guideline sentence that is greater than the statutory maximum term of imprisonment. *See* § 7B1.4(b)(3)(A). Under U.S.S.G. § 5G1.2, the district court is required to clearly state its sentence for each count of conviction, but we have held that § 5G1.2 does not govern sentences imposed upon revocation of supervised release, which are instead governed by Chapter 7 of the Sentencing Guidelines. *See United States v. Quinones*, 136 F.3d 1293, 1295 (11th Cir. 1998).

With respect to Mr. Cummings' 2020 revocation, the district court could have only imposed a revocation sentence as to the conviction for fraudulent use of an

unauthorized access device in Case No. 10-CR-00324 and the convictions for possession of forged securities in Case No. 11-CR-00042. As to his aggravated identity theft conviction, Mr. Cummings completed his 2017 revocation sentence for that conviction prior to the initiation of his 2020 revocation proceedings. As a result, the district court could not impose any further sentence as to that conviction. *See* 18 U.S.C. § 3583(h).[3]

The district court could, however, impose a 24-month statutory maximum revocation sentence for his conviction for fraudulent use of an unauthorized access device because it was a Class C felony carrying a statutory penalty of ten years' imprisonment, and Mr. Cummings served only a 58-month sentence for that conviction. *See* 18 U.S.C. §§ 1029(a)(2), 1029(c)(1)(A)(i), 3559(a)(3), 3583(e)(3). As the government notes, the 2020 revocation report listed the case number associated with both the unauthorized access device and aggravated identity theft convictions—Case No. 10-CR-00324—but mentioned only the unauthorized access device conviction as having a revocable term of supervised release. And an 18-

---

[3] This assumes, in Mr. Cummings' favor, that the general, undivided sentence of 18 months' imprisonment imposed for his 2017 revocation included a sentence for his aggravated identity theft conviction. Because the statutory maximum sentence that could be imposed for that conviction upon revocation was one year in prison or one year on supervised release—but, under § 3583(h), not both—the latest possible date that Mr. Cummings completed his sentence as to that conviction was July 20, 2018, one year after the 2017 revocation judgment was entered. *See* 18 U.S.C. §§ 1028A(a)(1), 3559(a)(5), 3583(b)(3), 3583(e)(3), 3583(h). And because the petition that initiated Mr. Cummings' 2020 revocation proceedings was not filed until November 6, 2019, the district court could not impose a further term of imprisonment or supervised release as to the aggravated identity theft conviction in the 2020 revocation.

month revocation sentence as to that conviction was proper. *See* 18 U.S.C. § 3583(e)(3).

Moreover, contrary to Mr. Cummings' argument, the district court was not bound by U.S.S.G. § 5G1.2's command to clearly state the sentence imposed as to each conviction because that provision does not apply to revocation sentencings. *See Quinones*, 136 F.3d at 1295. Further, because Mr. Cummings has not pointed to any binding authority holding that the district court was prohibited from imposing a general sentence upon revocation, he cannot show that the district court plainly erred in doing so. *See Innocent*, 977 F.3d at 1085. Accordingly, the district court did not plainly err.

**III**

We affirm the district court's 2020 revocation sentence for Mr. Cummings.

**AFFIRMED.**