PER CURIAM:
Courtney Mays appeals the district court’s 'denial of his first and only 28 U.S.C. § 2255 motion to vacate his sentence. Mays was convicted of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was then sentenced pursuant to 18 U.S.C. § 924(e)(1) of the Armed Career Criminal Act (ACCA). Relying on Descamps v. United States, 570 U.S. -, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), and Johnson v. United States, 576 U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), Mays asserts his sentence under § 924(e)(1) is illegal. Specifically, he argues that, in light of Descamps and Johnson, he does not have the number of qualifying prior convictions required to trigger a § 924(e)(1) sentence and, therefore, his sentence under the section is unlawful. We agree and find that Mays’s sentence is illegal. Although Des-camps and Johnson were decided after Mays’s conviction and sentence became final, we hold that both eases apply retroactively in the first post-conviction context. Accordingly, we reverse the district court’s denial of Mays’s motion and remand for resentencing.
I. SENTENCING UNDER THE ACCA
To provide the legal context for Mays’s appeal, we begin with a brief discussion of Descamps, Johnson, and the relevant portions of § 924(e). Under § 924(e)(1), “a person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense is Subject to additional fines and a fifteen-year minimum sentence (and has an enhanced guidelines sentence under U.S.S.G. § 4B1.4).”[1] United States v. Petite, 703 F.3d 1290, 1293 (11th Cir.2013) (internal quotation marks omitted); see also 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as “any crime punishable by imprisonment for a term exceeding one year” that: (1) “has as an element the use, attempted use, or threatened use of physical force against the person of another”; (2) “is burglary, arson, or extortion [or] *731 involves use of explosives”; or (3) “otherwise involves conduct that presents a serious potential risk of physical injury to another.” 18 U.S.C. § 924(e)(2)(B). These three “clauses” are known as the “elements clause,” the “enumerated clause,” and the “residual clause,” respectively.
The Court in Descamps addressed our approach to determining, whether a crime constitutes a violent felony under the enumerated clause. The enumerated clause only includes.prior convictions fpr “gener.ic” versions of the offenses it lists. See Descamps, 133 S.Ct. at 2281. There are two approaches for determining whether an offense is generic: the “categorical approach” and the “modified categorical approach.” See id. Under the categorical approach, we “compare the elements of the statute forming the basis of the defendant’s conviction with the elements of. the generic crime.” Id. (internal quotation marks omitted). “The prior conviction qualifies as an ACCA predicate only if the statute’s elements are the same as, or narrower than, those of the generic offense.” Id. In contrast, under the modified categorical approach, we may look beyond the statutory elements of the prior conviction and consider a “limited class of documents, such as indictments and jury instructions,” to determine whether the conviction was for a generic offense. See id. In Descamps, the Supreme Court held that this analysis can only be performed if the statute in question is “divisible,” meaning that it “sets out one or more elements of the offense in the alternative.” See id. at 2281-82.
In Johnson, the Supreme Court considered a constitutional challenge to the residual cause and determined that the clause is unconstitutionally vague. Johnson, 135 S.Ct. at 2557. - As such, a defendant cannot be sentenced pursuant to § 924(e)(1) unless he has at least three prior convictions that each meet the criteria of either the elements clause or the enumerated clause. See id. at 2563.,
II. BACKGROUND
Mays was sentenced to two concurrent terms of 15 years’ imprisonment pursuant to § 924(e)(1). The sentencing court imposed a § 924(e)(1) sentence based on two prior convictions for possession of marijuana for other than personal use under Alabama Code § 13A-12-213(a)(l) and one prior conviction for third degree burglary under Alabama Code § 13A-7-7. The marijuana convictions were found to be sérióüs drug offenses and the burglary conviction was determined to be a violent felony.
In. July 2012, Mays filed a pro se § 2255 motion for habeas relief, arguing that he received ineffective assistance of. counsel during his direct appeal. Soon thereafter, the Supreme Court decided Descamps. In August 2013, Mays filed a notice with the district court alleging he was wrongfully sentenced pursuant to § 924(e)(1). Specifically, he asserted that, under Descamps,, his burglary conviction was not a violent felony. He also generally claimed that his sentence is illegal because he does not have at least three prior qualifying convictions under § 924(e)(1).[2] The Government responded that Mays was procedurally barred from making such an argument by § 2255’s period of limitations. See 28 U.S.C. §. 2255(f)(3).' The Government also argued that Mays’s burglary conviction is a violent felony, under the residual clause and, therefore, Descamps — which had no *732 effect on the residual clause — did not render Mays’s sentence illegal.
The district court accepted the Government’s period of limitations defense and dismissed Mays’s challenge to his sentence as time-barred. The court also denied Mays’s ineffective assistance of counsel claim. This court granted a certifícate of appealability (COA) on three issues: (1) whether the district court erred by denying Mays’s ineffective assistance of counsel claim; (2) whether the district court erred in dismissing Mays’s claim that his sentence is illegal under Descamps-, and (3) whether the district court abused its discretion by denying Mays’s motion to reconsider.
Mays was appointed counsel prior to filing his brief on appeal. A few months after Mays submitted his brief, the Supreme Court decided Johnson, which prompted him to file a notice of supplemental authority. In the notice, Mays stated, inter alia, that Johnson disposed of the Government’s argument that his burglary conviction is a violent felony under the residual clause. Following this notice, the Government and Mays submitted a joint motion for resentencing. In the motion, the Government agreed to withdraw its period of limitations defense against Mays’s challenge to his sentence, and Mays agreed to dismiss his ineffective assistance of counsel claim. The Government also conceded that, in light of Johnson, it believes Mays’s sentence under § 924(e)(1) is unlawful.
After receiving Mays’s notice of supplemental authority and the parties’ joint motion for resentencing, we requested supplemental briefing on several issues related to Johnson’s application to this case. In its responding supplemental briefing, the Government stated that it is waiving non-retroactivity as a defense to Mays’s Des-camps and Johnson arguments. The Government also reiterated its withdrawal of its period of limitations defense to Mays’s challenge to his sentence.
III. DISCUSSION
The dispositive issue before us is whether Mays’s § 924(e)(1) sentence is unlawful. This issue turns on two questions of law: whether (1) Descamps and (2) Johnson apply retroactively to Mays despite being decided after his conviction and sentence became final. If both Descamps and Johnson apply retroactively to Mays — a first time habeas petitioner — then his burglary conviction is not a qualifying conviction under § 924(e)(1), and his sentence is illegal because he does not have at least three qualifying convictions. Accordingly, in considering the legality of Mays’s sentence, we focus our analysis on resolving these Descamps and Johnson “retroactivity” questions. However, we first briefly discuss a threshold procedural issue: the scope of the COA.
A. Scope of the COA
All three issues included in the COA are now moot. Mays has withdrawn his ineffective assistance of counsel claim, thereby mooting the first COA issue. Furthermore, the “time-barred” issue that the district court relied on in denying Mays’s challenge to his sentence is moot because the Government has waived its period of limitations defense. See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1261 (11th Cir.2013) (“[T]he procedural-default rule is not jurisdictional [in the post-conviction context], but is an affirmative defense that is subject to waiver by the government.”). Therefore, the second and third COA issues are also moot. Nonetheless, as noted above, the core issue raised by Mays before the district court — whether his sentence is legal — remains. Given this issue is not in- *733 eluded in the COA, we must consider whether the circumstances warrant expanding the COA to include it.
We find that expansion of the CÓA is clearly warranted. “On exceptional occasions,’' we may expand a COA sua sponte to include issues that “reasonable jurists would find ... debatable.” See Dell v. United States, 710 F.3d 1267, 1272-73 (11th Cir.2013); Thomas v. Crosby, 371 F.3d 782, 796 (11th Cir.2004) (“[0]ur cases establish the power of our court to add issues to a COA sua sponte.”); Hodges v. Att’y Gen., 506 F.3d 1337, 1341-42 (11th Cir.2007). “Exceptional occasions” include cases where we request supplementál briefing on issues not included in the COA. See Dell, 710 F.3d at 1272-73. Here, we requested supplemental briefing on issues related to the legality of Mays’s sentence. In addition, as made apparent by the Government conceding that it believes Mays’s sentence is illegal, this issue is. one “that reasonable jurists would find ... debatable.” See id. at 1273. Lastly, if we did not expand the COA, remand to the district court would be necessary. But, whether Mays’s sentence is illegal involves purely legal questions that would not benefit from remand. See Reed v. Beto, 343 F.2d 723, 725 (5th Cir.1965) (“Passing then to the merits of this argument, in view of its being a pure question of law, we see no need to remand it for a determination by the District Court.”).[3]
B. Legality of Mays’s Sentence
Mays’s challenge to his sentence turns on whether his Alabama Code § 13A-7-7 conviction for third degree burglary is a violent felony.[4] We review de novo whether that burglary conviction qualifies as a violent felony. See United States v. Howard, 742 F.3d 1334, 1341 (11th Cir.2014). The only ACCA clauses that could apply to the conviction are the enumerated and residual clauses,[5] However, we conclude that, in light of Descamps and Johnson, neither clause applies to Mays.
1. Enumerated Clause
At the time Mays was sentenced, an Alabama Code § 13A-7-7 third degree burglary conviction could qualify as a violent felony under the enumerated clause. See United States v. Rainer, 616 F.3d 1212, 1213, 1216 (11th Cir.2010). PostDescamps,’ this is no longer the case. Based on Descamps, we held in’ Howard that a conviction for third degree burglary cannot qualify as a violent felony under the enumerated clause because Alabama Code § 13A-7-7 is ah indivisible, non-generic statute. Howard, 742 F.3d at 1348-49. Thus, if’ Mays was sentenced today, the enumerated clause would not apply to his burglary conviction. But, given that Mays’s conviction and sentence became final prior to Descamps, our analysis does not end here. We must consider whether *734 Descamps and Howard apply retroactively to Mays. This requires us to analyze Des-camps through the “retroactivity” framework set forth in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) and related Supreme Court cases. '
In Teague and subsequent cases, the Supreme Court “laid out the framework to be used in determining whether a rule announced in one of [its] opinions should be applied retroactively to judgments in criminal cases that are already final.”[6] Whorton v. Bockting, 549 U.S. 406, 416, 127 S.Ct. 1173, 1180, 167 L.Ed.2d 1 (2007). “Under the Teague framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review.” Id. “A new rule is defined as a rule that was not dictated by precedent existing at the time the defendant’s conviction became final.”' Id. at 416, 127 S.Ct. at 1181 (internal quotation marks omitted). As the Supreme Court and other circuits have recognized, Descamps did not announce a new rule — its holding merely clarified existing precedent. See Descamps, 133 S.Ct. at 2283 (“Our easelaw explaining the categorical approach and its ‘modified’ counterpart all but resolves this case.”); id. at 2285 (“That is the job, as we have always understood it, of the modified approach....” (emphasis added)); Ezell v. United States, 778 F.3d 762, 763 (9th Cir.2015) (“We hold that the Supreme Court did not announce a new rule of constitutional law in Descamps. Rather, it clarified — as a matter of statutory interpretation — application of the ACCA in light of existing precedent.”), cert. denied, — U.S. ——, 136 S.Ct. 256, 193 L.Ed.2d 212 (2015); United States v. Davis, 751 F.3d 769, 775 (6th Cir.2014) (“The Supreme Court in Descamps explained that it was not announcing a new rule, but was simply reaffirming” an existing approach.).
Given Descamps did not announce a new rule, it and Howard apply here. See Whorton, 549 U.S. at 416, 127 S.Ct. at 1180. Under Descamps and Howard, third degree burglary convictions in Alabama cannot qualify as violent felonies under the enumerated clause. Accordingly, the enumerated clause does not apply to Mays’s burglary conviction.
2. Residual Clause
Although we conclude that the enumerated clause does not apply, Mays’s sentence could still be upheld if the residual clause is applicable. It is clear that the residual clause is unconstitutional under Johnson, but Johnson was also decided after Mays’s conviction and sentence became final. Thus, as with Descamps, the dispositive “residual clause” question before us is whether Johnson applies retroactively in the present context.[7] This means we must again turn to Teague.[8]
*735 As. noted above, under Teague, new rules .are not typically applicable to cases on collateral review. Whorton, 549 U.S. at 416, 127 S.Ct. at 1180. However; the Supreme Court has established a general principle that new substantive rules and watershed rules of criminal procedure are not subject to this retroactivity bar;1' See Montgomery v. Louisiana, 577 U.S. -, -, 136 S.Ct. 718, 728, 193 L.Ed.2d 599 (2016); Schriro v. Summerlin, 542 U.S. 348, 351-52, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004); Teague, 489 U.S. at 307-09, 109 S.Ct. at 1073-74. New substantive rules include, for example, “decisions that narrow the scope of' a criminal statute by interpreting its terms” and “constitutional determinations that place particular conduct or persons covered by the statute beyond the State’s power to punish.”[9] See Schriro, 542 U.S. at 351-52, 124 S.Ct. at 2522. “Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law,cannot impose upon him.” Id. at 352, 124 S.Ct. at 2522-23 (internal quotation marks omitted). Under this framework, a new rule applies retroactively if: dí the Supreme Court holds the rule is not subject to the Teague retroactivity bar; or (2) the Teague principles of retroactivity established by the Court, such as those outlined above, provide for retroactive application of the rule. See Tyler v. Cain, 533 U.S. 656, 663-66, 121 S.Ct. 2478, 2482-84, 150 L.Ed.2d 632 (2001); Bryant, 738 F.3d at 1277-78 (finding a new rule retroactive based on the Teague principles of retroactivity but noting that, in the § 2255(h) context, only the Supreme Court can find a rule retroactive).
In In re Rivero, we held that Johnson established a new substantive rule. 797 F.3d 986, 989 (11th Cir.2015). Specifically, we found that Johnson “narrowed the class- of people who are eligible for an increased sentence under the” ACCA. Id. In that case, we considered a federal prisoner’s application to file a second- or successive- habeas petition. Such an application-may only be granted if it involves newly discovered evidence or “a new rule of constitutional law, made retroactive to cases on collateral revieiv by the Supreme Court, that was previously unavailable.”[10] 28 U.S.C. § 2255(h) (emphasis added). The prisoner in Rivero claimed Johnson satisfied the “new rule of constitutional law” requirement.
*736 A new rule is only made retroactive by the Supreme Court if the Court explicitly holds that the rule applies retroactively or such a holding results by “logical necessity from multiple Court opinions. Tyler, 533 U.S. at 668-70, 121 S.Ct. at 2485-86. “The Supreme Court does not make a rale retroactive when it merely establishes principles of retroactivity!, such as the Teague principles,] and leaves the application of those principles to lower' courts.” See id, at 663, 121 S.Ct. at 2482 (internal quotation marks omitted). In Rivero, we concluded that the Supreme Court has not explicitly held Johnson to be retroactive and “[n]o combination of holdings of the Supreme Court ‘necessarily dictate’ that Johnson should be applied retroactively on collateral review.” 797 F.3d at 989. Accordingly, we rejected the prisoner’s argument that Johnson was “made retroactive ... by the Supreme Court,” and we found that the prisoner failed to ■ satisfy § 2255(h). See id. ■ (internal quotation marks omitted).
In contrast to Rivero, we are presented here with a prisoner’s first habeas petition, not an application for a second or successive petition. As such, § 2255(h) and its “made retroactive ... by the Supreme Court” requirement are 'not 'applicable. This means we must engage in a broader retroactivity analysis than we did in Rive-ro. In other words, Rivero is not controlling here. As noted above, the retroactivity analysis demanded by 28 U.S.C. § 2255(h) is narrow — it is limited to whether the Supreme Court has explicitly, or by logical necessity, made a rule retroactive. See Bryant, 738 F.3d at 1278 (stating that the Supreme Court’s general ret-roactivity jurisprudence “is quite different from the stricter, statutory retroactivity requirements in 28 U.S.C. § 2255(h)”), Given that “the Supreme Court does not make'a rule retroactive when it merely festablishes principles of retroactivity and leaves the application of those principies to lower courts,” a § 2255(h) analysis does not address such principles. See Tyler, 533 U.S. at 663, 121 S.Ct. at 2482 (emphasis added); Bryant, 738 F.3d at 1278. However, we may not ignore Supreme Court precedent regarding principles of retroactivity, such as the Teague principles, when § 2255(h) is not implicated.
Applying the Teague principles, Johnson is retroactive because it qualifies as a substantive rule.[11] , First, we have already found that Johnson is a new substantive rule since it narrows the class of people that may be eligible for. a heightened sentence under the ACCA. See Rivero, 797 F.3d at 989. Second, “a significant risk exists that some defendants ... who were sentenced before [Johnson ] have erroneously received the increased penalties under § 924(e) and now are serving prison terms ... that the law cannot impose upon them.” See Bryant, 738 F.3d at 1278 (citing Schriro, 542 U.S. at 352, 124 S.Ct. at 2522-23) (internal quotation marks omitted). This case is demonstrative. Mays does not simply face a significant risk of unlawful punishment in light of Johnson. Unlawful punishment is guaranteed. Johnson “eliminated [the] State’s power to ... impose [the very] punishment” that Mays currently faces — a prison term based on the residual clause. See Montgomery, 136 S.Ct. at 729-30 (discussing the scope of and rationale underlying the Teague substantive rale principle). Finally, Rivero supports a finding that Johnson applies retroactively under the Teague principles. Referencing Schriro’s conclusion that, under Teague, “new substantive rales generally apply retroactively on collateral re *737 view,” Rivero stated that Johnson would apply retroactively to a prisoner “seeking a first collateral review of his sentence.” See Rivero, 797 F.3d at 991. Therefore, we hold that Johnson applies retroactively on collateral review to prisoners seeking habeas relief for the first time.
In light of our finding that Johnson applies retroactively to prisoners, like Mays, who are challenging their § 924(e)(1) sentence via an initial habeas petition, we conclude that Mays’s burglary conviction cannot be considered a violent felony under the residual clause.
***
In sum, neither the enumerated clause nor the residual clause applies to Mays’s burglary conviction. The conviction is, therefore, not a violent felony, and Mays has, at most, two qualifying prior convictions under § 924(e)(1). As a result, Mays’s sentence is illegal.[12]
IV. CONCLUSION
We reverse the district court’s denial of Mays’s § 2255 motion to vacate and remand this case to district court for resen-tencing, without the § 924(e)(1) enhancement. In resentencing Mays, the district court shall perform a fresh review of the 18 U.S.C. § 3553(a) factors. See United States v. Estrada, 111 F.3d 1318, 1323 (11th Cir.2015) (per curiam) (ordering that, on remand for resentencing, “the district court shall consider all appropriate 18 U.S.C. § 3553(a) factors in determining a reasonable sentence”).
REVERSED AND REMANDED.

. "Violent felonies” and “serious drug offenses,” as defined by the ACCA, are referred to as "ACCA predicates.”

. Given Mays’s motion to vacate and supplemental notice were filed pro' se, we construe them liberally. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

. See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc) (holding that all decisions of the "old Fifth” Circuit handed down prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit).

. There is no dispute that Mays’s two convictions under Alabama Code § 13A-12-213(a)(1) qualify as serious drug offenses under § 924(e)(1). See United States v. Mays (Mays I), 300 Fed.Appx. 735, 737 (11th Cir.2008) (per curiam).

.The elements clause clearly is inapplicable. Alabama-.Code § 13A-7-7 provides "[a] person commits the crime of burglary in the third degree if he -knowingly enters or remains unlawfully in a building with intent to commit a crime therein.” As such, third degree burglary in Alabama does not have “as an element the use, attempted use, or threatened use of physical force against the person of another.” See'18 U.S.C. § 924(e)(2)(B)(i).

. In its supplemental briefing, the Government states that it "waives any non-retroactivity defense that would bar the application of Descamps' to the merits of Mays’[s] claim.” Based on this waiver, the Government asserts that we need not consider whether Descamps triggers a “retroactivity” analysis under Teag-ue. The Government takes a similar position with Johnson. However, “Teague analysis is ordinarily our first step when we review a federal habeas case,” and we have discretion to perform such analysis even where the Government completely fails to raise a Teague argument. See Schiro v. Farley, 510 U.S. 222, 228-29, 114 S.Ct. 783, 788-89, 127 L.Ed.2d 47 (1994); Caspari v. Bohlen, 510 U.S. 383, 389, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994) ("[A] federal court may, but need not, decline to apply Teague if the [Government] does not argue it.”).

. Under our precedent prior to Johnson, burglary convictions similar to Mays's qualified as violent felonies under the residual clause. See United States v. Matthews, 466 F.3d 1271, 1275-76 (11th Cir.2006). Thérefore, if Johnson does not apply to Mays retroactively, his *735 sentence could be upheld through the residual clause.

. As an initial matter, the Government contends that we may not consider Johnson because Mays did not specifically raise any residual clause claims before the district court. However, based on the record before us— including the supplemental briefing we requested on Johnson — we disagree.

. Although the latter type of substantive rule is often characterized as a Teague exception, the Schriro Court clarified that such a rule simply is not subject to the Teague retroactivity bar. 542 U.S. at 352, 124 S.Ct. at 2522 n. 4. Indeed, the principle that this type of substantive rule applies retroactively is independent of Teague — it arises from the Constitution. See Montgomery, 136 S.Ct. at 729; Mackey v. United States, 401 U.S. 667, 692, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971) (Harlan, J„ concurring in part and dissenting in part) (providing the foundation for Teague, Justice Harlan stated, "new ‘substantive due process’ rules, that is, those that place, as a matter of constitutional interpretation, certain kinds of primary, private individual conduct beyond the power of criminal law-making authority to proscribe, must, in my view, be placed on a different footing”).

.Section 2244(b)(2), which applies to state prisoners bringing a second or successive ha-beas petition, includes similar language. See 18 U.S.C. § 2244(b)(2).

. Notably, in its supplemental briefing, the Government stated that it believes Johnson applies retroactively and that Mays is therefore entitled to relief.

. Moreover, such an illegal sentence warrants habeas relief. Defendants convicted under § 922(g)(1) are subject to a 10-year statutory maximum sentence unless they qualify for § 924(e)(l)’s 15-year minimum sentence. See 18 U.S.C. §§ 924(a)(2), (e)(1). Hence, erroneously sentencing a defendant under § 924(e)(1) results in "actual prejudice”: a sentence 5 years above the applicable statutory maximum. See Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993) (internal quotation marks omitted). Indeed, that sentencing error "affect[s] [the defendant’s] substantial rights and seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings.” See United States v. Sanchez, 586 F.3d 918, 930 (11th Cir.2009) (internal quotation marks omitted) (holding that an error resulting in a sentence above the statutory maximum meets even the plain error standard).