**John WOJCIESZAK, Petitioner**

**v.**

**UNITED STATES of America, Respondent.**

**Case No. 14-14240-CIV-GRAHAM/LYNCH**

United States District Court, S.D. Florida,

**Fort Pierce Division.**

Signed June 30, 2016

Filed July 1, 2016

**1320**

Lori E. Barrist, Federal Public Defender's Office, West Palm Beach, FL, Brenda Greenberg Bryn, Federal Public Defender's Office, Fort Lauderdale, FL, for Petitioner.

Rinku Talwar Tribuiani, United States Attorney's Office, West Palm Beach, FL, Evelio J. Yera, United States Attorney's Office, Miami, FL, for Respondent.

### ORDER

DONALD L. GRAHAM, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** comes before the Court upon Petitioner Wojcieszak's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and Memorandum of Fact and Law in Support [D.E. 1] and Unopposed Amended Motion to Vacate Sentence Pur-

suant to 28 U.S.C. § 2255 [D.E. 26]. His first-filed § 2255 Motion to Vacate [D.E. 31] in the underlying criminal case and [D.E. 1] in this civil case is moot. As set forth below, Petitioner's Amended § 2255 Motion to Vacate [D.E. 26] is the operative motion for his requested relief.[1]

**THE COURT** has reviewed the record and is otherwise fully-advised in the premises. For the following reasons, Petitioner's Amended § 2255 Motion to Vacate is **GRANTED.**

## I. FACTS

On December 3, 2006, Petitioner was on an airboat hunting deer and hogs with a loaded 20 gauge shotgun at the Hickory Hammock Wildlife Management Area in Highlands County, Florida. While hunting, he encountered Lieutenant Allen of the Florida Fish and Wildlife Conservation Commission. Lieutenant Allen suspected Petitioner was hunting during closed season, so he took Petitioner's shotgun to photograph and record. Lieutenant Allen then called his dispatch to make sure Petitioner was not a convicted felon. Dispatch advised him that Petitioner had no criminal history that prevented him from possessing firearms or ammunition, so Lieutenant Allen returned the shotgun to Petitioner. He then cited Petitioner for hunting during closed season. Afterwards, Lieutenant Allen sent the photographs to Alcohol, Tobacco, and Firearms Agent Barborini.

Approximately one week later, Lieutenant Allen checked Petitioner's criminal history and found he had numerous felony convictions. Agent Barborini also checked Petitioner's criminal history and discovered he had five felony convictions. Agent Barborini reviewed the aforementioned

photographs of Petitioner's shotgun and determined it was a genuine Mossberg 20 gauge shotgun that traveled through interstate commerce. Consequently, Agent Barborini and other law enforcement officers obtained and executed a federal search warrant at Petitioner's home. There, they found the airboat, the Mossberg 20 gauge shotgun, and numerous rounds of ammunition.

Thereafter, Petitioner was arrested and charged with one count of violating 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He later pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

The probation officer initially assigned Petitioner a base offense level of 14 pursuant to U.S.S.G. § 2K2.1(a)(6). It was subsequently reduced to six because he "possessed all ammunition and firearms solely for lawful sporting purposes and did not unlawfully discharge or use such firearms." As a result of Petitioner's three prior Florida burglary convictions, one in 1987 and two in 1989, however, the probation officer determined that he qualified as an armed career criminal under § 924(e)(1) (hereinafter, "ACCA"). Accordingly, Petitioner was subject to an enhanced statutory term of 15 years to life imprisonment and to the corresponding Guideline enhancements in U.S.S.G. § 4B1.4(b)(3)(B). Thus, Petitioner's offense level was increased to 33.

Petitioner did not receive any criminal history points for his Florida burglary convictions because they were too old. His other convictions, however, resulted in 10 criminal history points and a criminal history category of V. With a three-level reduction for acceptance of responsibility, his

---

1. Petitioner's Amended § 2255 Motion to Vacate should not be construed as a second or successive habeas motion. Because he litigated this case when this area of law was changing, the chief magistrate judge afforded him an opportunity to amend his original motion to include favorable changes in the law.

total offense level was 30. As a result, his advisory Guideline range was 151 to 188 months. But, because he was subject to a 15-year mandatory minimum sentence, his Guideline range became 180 to 188 months. Notably, in the absence of ACCA and its corresponding Guideline enhancements, his Guideline range would have been just four to 10 months.

Before sentencing, the Government moved for a downward departure pursuant to U.S.S.G. § 5K1.1. At sentencing, on July 16, 2007, the Parties asked the Court to reduce his recommended sentence by one-third, to 120 months, and to run the sentence concurrently with his State sentence.[2] After carefully considering the Parties' recommendations, the Court sentenced Petitioner to a term of 120 months imprisonment and four years of supervised release, which ran concurrent with his State sentence.

## II. PROCEDURAL HISTORY

On June 16, 2014, Petitioner timely filed his first § 2255 Motion to Vacate. Therein, Petitioner argued that, in light of Descamps v. United States, —— U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), he was improperly sentenced as an armed career criminal and received a punishment the law did not allow. He also argued that Descamps was a substantive new rule that applied retroactively on collateral review. The Government filed its Response and, although it chose not to argue that Petitioner was an armed career criminal under ACCA's enumerated clause[3], it argued that he qualified under ACCA's residual clause[4]. Subsequently, on December 3, 2014, the chief magistrate judge issued a Report and Recommendation, which recommended that Petitioner's § 2255 Motion

to Vacate be denied because he still qualified as an armed career criminal under the residual clause. The Report and Recommendation also questioned whether Descamps applied retroactively on collateral review.

On April 6, 2015, the Court, sua sponte, stayed this matter pending the outcome of the Supreme Court of the United States' decision in Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). After the Supreme Court issued its opinion in Johnson, which declared ACCA's residual clause unconstitutionally vague, this Court lifted the stay, disapproved the chief magistrate judge's Report and Recommendation, and re-referred it back to him in light of Johnson.

Also after Johnson, Petitioner filed a Supplemental Memorandum. Therein, he argued he was not an armed career criminal under ACCA's residual clause and should be resentenced without any ACCA enhancements. On July 8, 2015, the chief magistrate judge issued an Order asking Petitioner to file an amended § 2255 motion briefing whether Descamps and Johnson applied retroactively on collateral review.

Petitioner filed his Amended § 2255 Motion to Vacate on September 14, 2015. Therein, he argued that, in light of Johnson, he should be resentenced without any ACCA enhancements. He also argued that Johnson applied retroactively on collateral review. The Government did not oppose his Amended § 2255 Motion to Vacate; however, it stated that its non-opposition "does not mean that the [Government] agrees with all the positions subsequently taken by [Petitioner] in his 15-page amended § 2255 motion." On September

---

**2.** Petitioner was serving a five-year State sentence for possession of a firearm by a convicted felon when he was sentenced in his federal criminal case.

**3.** See infra p. 10.

**4.** See infra p. 10.

30, 2015, the chief magistrate judge issued a Report and Recommendation regarding Petitioner's Amended § 2255 Motion to Vacate. It recommended that his motion be granted because the combined effects of Descamps and Johnson rendered his ACCA enhancements inapplicable; therefore, his sentence exceeded what the law permitted. It also recommended that contemporaneous changes in this area of law applied retroactively to this case. ·

Presumably in anticipation of this Court adopting the Report and Recommendation, the Parties filed their Agreed Motion to Modify Sentence in Anticipation of Court Vacating Sentence Pursuant to 28 U.S.C. § 2255. First, the Parties proposed an Agreed Modified Sentence, which included the following: (1) the Court imposes a "time served" sentence; (2) the Court place Petitioner on a one year term of supervised release; and (3) the Court transfer his supervision to the District of South Carolina where he is currently living. Second, the Parties agreed it was unnecessary for the Court to hold a sentencing hearing, Petitioner's presence was not required to modify his sentence, and the Court may simply enter an order regarding the modified sentence. Finally, in the event the Court required his presence, the Parties agreed to waive this requirement.

On November 5, 2015, this Court directed the chief magistrate judge to reconsider his Report and Recommendation in light of two cases in which the Eleventh Circuit stated that Descamps did not apply retroactively on collateral review. The chief magistrate judge subsequently issued an Order Directing Supplemental Briefing in accordance with this Court's Order.

On November 30, 2015, Petitioner filed his Memorandum of Law Regarding Retroactivity and Timeliness of the Unop-

posed Amended Motion to Vacate. Therein, he argued it was unnecessary for the Court to resolve whether Descamps applied retroactively on collateral review because Johnson applied retroactively on collateral review. The Government filed its Response and essentially reiterated Petitioner's argument.

On December 16, 2015, the chief magistrate judge issued his Second Report and Recommendation on the Amended § 2255 Motion to Vacate and the first-filed § 2255 Motion to Vacate. It recommended granting his Amended § 2255 Motion to Vacate, resentencing him without any ACCA enhancements, and denying as moot his first-filed § 2255 Motion to Vacate. Moreover, it recommended that Descamps and Johnson favorably applied to Petitioner and that retroactivity was not an issue prohibiting his requested relief.

On February 5, 2016, this Court issued an Order Staying Case Pending Supreme Court Ruling because certiorari was granted in Welch v. United States, —— U.S. ——, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), which addressed whether Johnson applied retroactively on collateral review.[5] This Court now proceeds in light of these recent, integral clarifications in the law and reaches the same conclusion as the Report and Recommendation; Petitioner's Amended § 2255 Motion to Vacate should be granted. Nonetheless, this Court does not adopt it. This Court issues its own Order because it, unlike the chief magistrate judge, has the luxury of hindsight. Thus, herein contains this area of law's recent legal clarifications. This is something the chief magistrate judge, merely as a matter of timing, did not have. This Court commends the chief magistrate judge for reaching the same conclusion

---

**5.** As later discussed, the Supreme Court answered this retroactivity question affirmatively. The Eleventh Circuit also issued an opinion holding that Descamps applied retroactively on collateral review while this case was stayed.

considering the unsettled state of the law when he issued his Report and Recommendation.

## III. ANALYSIS

Petitioner's Amended § 2255 Motion to Vacate is granted because Defendant is not an armed career criminal under ACCA's enumerated clause or residual clause.[6] Before addressing the substance of his motion, however, a brief discussion of ACCA, Descamps, and Johnson is warranted.

### A. Sentencing under ACCA in light of Descamps and Johnson.

Under ACCA, a person who violates § 922(g) and has three previous convictions for a violent felony or a serious drug offense is subject to additional fines and a fifteen-year minimum sentence. See 18 U.S.C. § 924(e)(1); Mays v. United States, 817 F.3d 728, 730 (11th Cir.2016). ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, or extortion, [or] involves use of explosives;" or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." See 18 U.S.C. § 924(e)(2)(B). These three "clauses," respectively, are known as the "elements clause," the "enumerated clause," and the "residual clause." Mays, 817 F.3d at 730–31.

In Descamps, the Supreme Court addressed the approach used to determine whether a crime constitutes a violent felony under the enumerated clause. Mays, 817 F.3d at 731. The enumerated clause only includes prior convictions for "generic" versions of the offenses it lists. Id. Two approaches are available for determining whether an offense is generic: (1) the "categorical approach;" and (2) the "modified categorical approach." Id.

Under the categorical approach, courts compare the elements of the statute forming the basis of the defendant's conviction to the elements of the generic ACCA crime. Mays, 817 F.3d at 731. The prior conviction only qualifies as an ACCA predicate if the statute's elements are the same as, or narrower than, those of the generic ACCA offense. Id. If the statute is generic, meaning all of the elements of the generic ACCA crime must be present before the statute is violated, all convictions under the statute are ACCA predicates, and there is no need for further analysis. See id.

Alternatively, under the modified categorical approach, courts may look beyond the statutory elements of the prior conviction and consider a limited class of documents, such as indictments and jury instructions, to determine whether the conviction was for a generic ACCA offense. Mays, 817 F.3d at 731. Notably, the modified categorical approach can only be used if the statute in question is "divisible," meaning that it sets out one or more elements of the offense in the alternative. Id.

In Johnson, the Supreme Court determined that the residual clause was unconstitutionally vague. Mays, 817 F.3d at 731. As such, a defendant cannot be sentenced pursuant to ACCA's violent felony provision unless he has at least three prior convictions that each qualify under

---

**6.** This Order focuses on ACCA's enumerated clause and residual clause, rather than its elements clause, because Eleventh Circuit case law states Florida burglary "contains no element of 'attempted use, or threatened use of physical force against the person of another.'" In re Adams, 825 F.3d 1283, 1285, 2016 WL 3269704, at *2 (11th Cir. June 15, 2016).

ACCA's elements clause or enumerated clause. Id.

### B. Petitioner is not an armed career criminal under ACCA's enumerated clause.

Petitioner is not an armed career criminal under ACCA's enumerated clause for two reasons: (1) Petitioner's Florida burglary convictions are not violent felonies under ACCA's enumerated clause; and (2) Descamps applies retroactively on collateral review.

### 1. Petitioner's Florida burglary convictions are not violent felonies under ACCA's enumerated clause.

■ To determine whether Petitioner's Florida burglary convictions are violent felonies, the Court must first use the categorical approach to determine whether Florida burglary is generic. United States v. Howard, 742 F.3d 1334, 1345 (11th Cir. 2014). Using the categorical approach, courts compare the elements of the statute forming the basis of the defendant's conviction to the elements of the generic ACCA crime. Id. The prior conviction only qualifies as an ACCA predicate if the statute's elements are the same as, or narrower than, those of the generic ACCA offense. Id. If the statute is generic, meaning all of the elements of the generic ACCA crime must be present before the statute is violated, all convictions under the statute are ACCA predicates, and there is no need for further analysis. Id.

■ The generic, contemporary definition of burglary contains, at least, the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure with the intent to commit a crime. Howard, 742 F.3d at 1342. Federal courts apply this uniform definition independent of labels employed by the various States' criminal codes. Id.

Under Florida law,

for offenses committed on or before July 1, 2001, 'burglary' means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

FLA. STAT.ANN. § 810.02(1)(a) (West 2011). Section 810.011 defines the term "structure" used in § 810.02 as "a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof." FLA. STAT. ANN. § 810.11(1) (West 2007). Section 810.011 defines the term "dwelling" used in § 810.02 as

a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.

FLA. STAT. ANN. § 810.011(2) (West 2007). Lastly, § 810.011 defines the term "conveyance" as "any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car." FLA. STAT. ANN. § 810.011(3) (West 2007).

Here, Petitioner's Florida burglary offenses were all committed before July 1, 2001. Using the categorical approach, Florida burglary is not generic because all elements of generic ACCA burglary need not be present before the statute is violated. Comparing the elements of Florida burglary to generic ACCA burglary, Florida burglary criminalizes broader conduct. Specifically, it also criminalizes burglary of a conveyance, which includes locations other than buildings or structures such as motor vehicles and ships. Generic ACCA burglary does not. Thus, Florida burglary is non-generic.

If the statute is non-generic, courts must next determine whether the statute is divisible or indivisible. Howard, 742 F.3d at 1345. A statute is divisible if it sets out one or more elements of the offense in the alternative. Id. at 1346. By contrast, a statute is indivisible if it contains a single, indivisible set of elements. Id. Of course, courts are not compelled to apply the modified categorical approach for every divisible statute because sometimes none of the alternatives match the elements of the generic ACCA crime. Id. When this occurs, even though the statute is divisible, the court can and should skip over any Shepard[7] documents and simply declare that the prior conviction is not a predicate offense based on the statute itself.[8] Id. Said differently, divisibility is only significant if at least one, but not all, of the statute's alternative elements matches the generic ACCA version. See Descamps v. United States, — U.S. —, 133 S.Ct. 2276, 2285, 186 L.Ed.2d 438 (2013); United States v. Chisholm, 166 F.Supp.3d 1279, 1284-85, 2015 WL 10682726, at *4 (M.D.Fla. Oct. 29, 2015).

Additionally, the inclusion of curtilage in Florida's definitions of structure and dwelling render these alternative elements broader than generic ACCA burglary. James v. United States, 550 U.S. 192, 212, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) (agreeing that the inclusion of curtilage takes Florida burglary outside the definition of generic ACCA burglary, which requires an unlawful entry into, or remaining in, "a building or other structure"), on other grounds, overruled by Johnson v. United States, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015); Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1345 (11th Cir.2013) (stating that it is impossible for Florida's burglary statute, § 810.02, to be a violent felony under ACCA's enumerated clause because the dwelling and structure alternatives include the curtilage).

Here, whether Florida burglary is divisible is a matter of first impression in this district.[9] Before determining divisibility, the Court must first determine whether at least one of Florida burglary's alternative elements matches generic ACCA burglary. Indeed, analyzing divisibility when none of the alternative elements match the generic ACCA offense is superfluous and a waste of judicial resources. A careful review of Florida burglary reveals that none of its alternative elements match the elements of generic ACCA burglary. As stated above, the conveyance alternative does not match generic ACCA burglary. Moreover, Florida's structure and dwelling alternatives include the "curtilage thereof." Hence, under Florida burglary, a defendant could legally

---

**7.** Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (discussing certain documents to be reviewed when using the modified categorical approach).

**8.** One reason the Supreme Court adopted the categorical and modified categorical approaches was to conserve judicial resources. Howard, 742 F.3d at 1347. Courts are free to pursue the most efficient means of deciding a particular case. Id.

**9.** The Eleventh Circuit has not decided whether Florida's burglary statute is divisible. United States v. Lockett, 810 F.3d 1262, 1265 n. 1 (11th Cir.2016). But see Witchard v. United States, 2013 WL 6799267 (M.D.Fla. Dec. 23, 2013) (stating that Florida burglary is divisible, has generic and non-generic components, and applying the modified categorical approach); Crews v. United States, 2015 WL 892373 (S.D.Ga. Mar. 2, 2015) (stating that Florida burglary is divisible, non-generic, and applying the modified categorical approach); Harris v. Warden, FCC Coleman Medium, 2015 WL 9460076 (M.D.Fla. Dec. 12, 2015) (stating Florida burglary is indivisible because it includes the curtilage); Kelly v. Hastings, 2014 WL 3973916 (S.D.Ga. Aug. 14, 2014) (stating that Florida burglary is divisible).

be convicted of burglarizing the curtilage. This renders these alternative elements overbroad because generic ACCA burglary does not include the curtilage of a structure or dwelling. As a matter of law, it is impossible for Florida burglary to be a violent felony under ACCA's enumerated clause. Regardless of its divisibility, none of Florida burglary's alternative elements are the same as, or narrower than, generic ACCA burglary. Thus, Petitioner's Florida burglary convictions cannot be violent felonies under ACCA's enumerated clause.

If Petitioner was sentenced today, he would not be an armed career criminal under ACCA's enumerated clause because it would not apply to his Florida burglary convictions. But his §§ 922(g)(1) and 924(e)(1) convictions and sentence became final before Descamps, so further analysis is necessary. The Court must now determine whether Descamps applies retroactively to Petitioner, a first-time habeas petitioner, on collateral review.

The Parties argue that this Court does not need to decide the Descamps retroactivity issue. The Parties are mistaken. Determining whether Descamps applies retroactively on collateral review is essential to granting or denying Petitioner's requested relief. Indeed, he would not be entitled to relief if Descamps did not apply retroactively on collateral review.

### 2. Descamps applies retroactively on collateral review.

■ In Descamps, the Supreme Court did not announce a new rule; rather, its holding merely clarified existing precedent. Mays, 817 F.3d at 734. Thus, Descamps is retroactive in a first § 2255 motion case. Id.; In re Griffin, 823 F.3d 1350, 1356, 2016 WL 3002293, at *6 (11th Cir. May 5, 2016).

Here, this is Petitioner's first § 2255 motion. Under Descamps, his Florida burglary convictions cannot qualify as violent felonies under ACCA's enumerated clause.

Although Descamps was decided after his §§ 922(g)(1) and 924(e)(1) convictions and sentence, it clarified existing precedent and applies retroactively to first § 2255 motions. Thus, Descamps applies retroactively to Petitioner's Florida burglary convictions, and he is not an armed career criminal under ACCA's enumerated clause.

### C. Petitioner is not an armed career criminal under ACCA's residual clause.

Petitioner is not an armed career criminal under ACCA's residual clause for two reasons: (1) Petitioner's Florida burglary convictions are not violent felonies under ACCA's residual clause; and (2) Johnson applies retroactively on collateral review.

### 1. Petitioner's Florida Burglary convictions are not violent felonies under ACCA's residual clause.

Although the enumerated clause cannot apply to Petitioner's Florida burglary convictions, his sentence could still be upheld if the residual clause is applicable.

In Johnson, the Supreme Court determined that ACCA's residual clause was unconstitutionally vague. Mays, 817 F.3d at 731.

Here, Florida burglary cannot be a violent felony under ACCA's residual clause because, under Johnson, it is unconstitutionally vague. Thus, Petitioner's Florida burglary convictions are not violent felonies under ACCA's residual clause.

Like the enumerated clause, Petitioner would not be an armed career criminal under ACCA's residual clause if sentenced today because it would not apply to his Florida burglary convictions. But his §§ 922(g)(1) and 924(e)(1) convictions and sentence became final before Johnson, so further analysis is required. The Court must now determine whether Johnson applies retroactively to Petitioner, a first-

time habeas petitioner, on collateral review.

### 2. Johnson applies retroactively on collateral review.

■ In Johnson, the Supreme Court announced a substantive new rule that applies retroactively on collateral review. Welch v. United States, —— U.S. ——, 136 S.Ct. 1257, 1263–68, 194 L.Ed.2d 387 (2016); Mays, 817 F.3d at 735–37.

Here, this is Petitioner's first § 2255 motion. Under Johnson, Petitioner's Florida burglary convictions cannot qualify as violent felonies under ACCA's residual clause. Although Johnson was decided after his §§ 922(g)(1) and 924(e)(1) convictions and sentence, it is a substantive new rule that applies retroactively on collateral review. Thus, Johnson applies retroactively to Petitioner's Florida burglary convictions, and he is not an armed career criminal under ACCA's residual clause.

### IV. CONCLUSION

In conclusion, Petitioner is not an armed career criminal under ACCA's enumerated clause or residual clause. As a result, Petitioner's sentence is illegal and warrants habeas relief. Mays, 817 F.3d at 737, n. 12. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Order Staying Case Pending Supreme Court Ruling [D.E. 36] is **LIFTED**. It is further

**ORDERED AND ADJUDGED** that Petitioner Wojcieszak's Unopposed Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [D.E. 26] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that Petitioner Wojcieszak's original sentence is **VACATED AND SET ASIDE**. It is further

**ORDERED AND ADJUDGED** that Petitioner Wojcieszak shall be **RESENTENCED WITHOUT THE ARMED CA-** REER CRIMINAL ACT and corresponding **GUIDELINE ENHANCEMENTS** in his federal criminal case in a forthcoming Judgment and Commitment Order. Lastly, it is

**ORDERED AND ADJUDGED** that the Clerk of Court shall **CLOSE** this case. All other pending motions and reports and recommendations are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of June 2016.