[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16487
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-21978-KMM,
1:11-cr-20678-KMM-2

MONTAVIS MIDDLETON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 12, 2017)

Before MARCUS, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Montavis Middleton, a federal prisoner, appeals the district court's denial of

his 28 U.S.C. § 2255 motion to vacate his total 321-month imprisonment sentence,

which was imposed after a guilty plea to 10 counts: 1 count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); 7 counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); and 2 counts of possessing a firearm in furtherance of a crime of violence in connection with the Hobbs Act robberies, in violation of 18 U.S.C. § 924(c).  He argues on appeal that he is innocent of his two convictions under § 924(c) because the predicate conviction for both counts, Hobbs Act robbery, is no longer a crime of violence after the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  He also argues that he is no longer a career offender under the Sentencing Guidelines because Hobbs Act robbery is not a crime of violence under U.S.S.G. § 4B1.2(a), and he does not have two prior convictions for crimes of violence under § 4B1.2(a).

## I.

Obtaining a certificate of appealability ("COA") is a jurisdictional prerequisite to appellate review.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  To obtain a COA, a movant must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (*en banc*).  On exceptional occasions, we may expand a COA *sua sponte* to include issues that reasonable jurists would find debatable.  *See Mays v. United States*, 817 F.3d 728, 733 (11th Cir. 2016).

The COA in this case authorized an appeal only with regard to the sole issue the district court addressed and concluded could be debatable among reasonable jurists: whether the residual clause in the Sentencing Guidelines is void for vagueness. *See Miller-El*, 537 U.S. at 335-36. Middleton did not apply to expand the COA, and we decline to *sua sponte* expand the COA, because this is not an exceptional case where expansion is warranted. *See Mays*, 817 F.3d at 733; *Spencer*, 773 F.3d at 1138. Therefore, Middleton's argument that he is innocent of his two convictions under § 924(c) is outside the scope of the COA, and we will not address the merits of it.

## II.

When reviewing the district court's denial of a motion to vacate, we review legal issues *de novo* and findings of fact for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). In *Beckles v. United States*, the Supreme Court held that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, such that the residual clause in the career offender guideline, U.S.S.G. § 4B1.2(a), is not void for vagueness. 137 S. Ct. 886 (2017).

Reviewing Middleton's argument *de novo*, *Beckles* forecloses it. *See Lynn*, 365 F.3d at 1232. The Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and were not affected by the holding in

*Johnson*. *See Beckles*, 137 S. Ct. at 897. Therefore, Middleton's convictions are still crimes of violence under the career offender guideline, and the district court properly denied his § 2255 motion as to this issue.

**AFFIRMED.**