[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10598
Non-Argument Calendar

_____

D.C. Docket Nos. 1:19-cv-23455-JAL,
1:00-cr-00001-JAL-1

EWIN OSCAR MARTINEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 21, 2021)

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Ewin Oscar Martinez appeals the district court's denial of his successive 28

U.S.C. § 2255 motion to vacate.  We granted a certificate of appealability on one

issue: whether in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), the district court erred in refusing to vacate his 18 U.S.C. § 924(c) conviction and refusing to conduct a de novo resentencing.  We affirm.

I.

In December 1999, Martinez and two other men abducted a woman and her two sons.  The three men hid behind a car in a parking garage as they awaited the woman's arrival; Martinez had a pistol and a stun gun.  As he waited, Martinez placed his pistol on top of the wheel of the car they were hiding behind.  The men eventually saw the woman drive into the garage in her Porsche; once she got out of the car, they shocked her with the stun gun and struck her repeatedly in her face.  One of her children attempted to run away but was shot in his head and neck with the stun gun.  When the woman screamed and struggled, the men covered her face and threatened to kill her.  The men forced the woman and her children into the family's Lincoln Navigator; they had obtained the keys to that car earlier in the day.  Martinez then grabbed his pistol, got into the driver's seat, and drove the family's car out of the garage.  He took the woman and her sons to a nearby house, where they were held for five days.  Government agents eventually rescued the family.

Martinez was charged with committing five crimes: (1) conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203(a), (2) hostage taking in

2

violation of 18 U.S.C. § 1203(a), (3) conspiracy to commit carjacking in violation of 18 U.S.C. §§ 2119 and 371, (4) carjacking in violation of 18 U.S.C. §§ 2119(2) and 2, and (5) using and carrying a firearm during crimes of violence—the 18 U.S.C. §§ 1203(a) and 2119(2) crimes—in violation of 18 U.S.C. § 924(c). Section 924(c)(3) defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or that "by its nature" involves a substantial risk that physical force may be used. 18 U.S.C. § 924(c)(3)(A)–(B). The former is referred to as the "elements clause," the latter the "residual clause."

A jury found Martinez guilty on all five counts and the district court sentenced him to a total term of life imprisonment. This Circuit affirmed his convictions and sentences on direct appeal. Martinez filed a motion to vacate his sentence under 28 U.S.C. § 2255, but that motion was denied. He then filed a series of successive § 2255 motions which were dismissed for not being authorized.

In 2019, the Supreme Court held in *United States v. Davis* that § 924(c)'s "residual clause," like the residual clause in the Armed Career Criminal Act, is unconstitutionally vague. *See* 139 S. Ct. 2319 (2019). So after *Davis*, a conviction can only qualify as a "crime of violence" to serve as a predicate offense for a § 924(c) conviction if it meets the criteria of the "elements clause."

3

After receiving permission from this Court, Martinez filed a successive § 2255 motion based on *Davis*. He argued that his § 924(c) conviction was invalid because one of his crimes—hostage taking—only qualified as a "crime of violence" under the now-invalid residual clause. He also argued that the Hostage Taking Act is unconstitutionally vague and requested a new sentencing hearing as to all counts.

The district court denied his motion. It first found that procedural default did not preclude his successive § 2255 petition because his *Davis* claim was not available to him on direct appeal. But it rejected that claim on the merits. The court explained that Martinez did not establish that it was "more likely than not" that he was convicted under § 924(c) for possessing a firearm in furtherance of *only* the hostage-taking offense. Instead, it was "at least as likely" that the jury convicted him under § 924(c) for possessing a firearm in furtherance of the *carjacking offense*—which categorically qualifies as a "crime of violence" under the still-valid elements clause. And because Martinez was not entitled to relief, there was no need for a resentencing hearing. The court also held that it did not have jurisdiction to consider his constitutional argument because it was outside the scope of this Circuit's permission to file a successive § 2255 motion.

Martinez then filed a motion with this Court seeking a certificate of appealability. We granted it on one issue: whether in light of *Davis* the district

4

court erred in refusing to vacate his § 924(c) conviction and resentence him. This appeal followed.

## II.

When reviewing a district court's denial of a § 2255 motion, we review questions of law de novo and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).

## III.

To start, we have jurisdiction to consider Martinez's *Davis* claim. We authorized his successive § 2255 petition because *Davis* established a new, retroactive rule of constitutional law that was previously unavailable. *See* 28 U.S.C. § 2255(h). And we granted a certificate of appealability on the issue of whether the district court erred in denying Martinez's challenge to his § 924(c) conviction in light of *Davis*. *See id.* § 2253(c)(1)(B).

But a prisoner procedurally defaults a § 2255 claim if he fails to raise that claim on direct appeal. *Bousley v. United States*, 523 U.S. 614, 622 (1998). He can overcome this procedural bar only by establishing cause and actual prejudice or actual innocence. *Id.* Martinez did not argue in the trial court or on direct appeal that his § 924(c) conviction was invalid because the § 924(c) residual clause was unconstitutionally vague. He therefore procedurally defaulted this claim and cannot succeed on collateral review unless he can show cause to excuse his default

5

and actual prejudice, or that he is actually innocent of the § 924(c) crime. *United States v. Granda*, 990 F.3d 1272, 1286 (11th Cir. 2021).

In *United States v. Granda*, we held that although *Davis* announced a new constitutional rule of retroactive application, it was not a "sufficiently clear break with the past" such that an attorney would not reasonably have had the tools necessary to present the claim before that decision. *Id.* (quotation omitted). In other words, a defendant had the building blocks of a due process vagueness challenge to the § 924(c) residual clause even before the Supreme Court's decision in *Davis*. *Id.* at 1287–88.

We also determined in *Granda* that a petitioner cannot overcome procedural default unless he can show "actual prejudice." *Id.* at 1288. He must show "a substantial likelihood" that the jury relied *only* on the invalid predicate to convict under § 924(c). *Id.* If the absence of the invalid predicate would not likely have changed the jury's decision to convict, then the petitioner did not suffer actual prejudice. *Id.*

Martinez cannot make this actual prejudice showing. The district court instructed the jury that it could convict under § 924(c) if he used a firearm in connection with *either* the hostage taking or the carjacking. The jury found beyond a reasonable doubt that Martinez committed the carjacking, which is a qualifying predicate under § 924(c)'s still-valid elements clause. *See In re Smith*,

829 F.3d 1276, 1280–81 (11th Cir. 2016).  Though the general jury verdict did not specify which predicate offense Martinez's § 924(c) conviction was based on, the record shows that the two crimes were factually bound up.  Martinez committed the carjacking in order to put the family inside the car and hold them hostage.  And he carried a firearm when he hid in the parking garage and when he drove the family's car away.  So Martinez cannot show that the jury relied solely on the hostage-taking offense to convict under § 924(c); it is just as likely that the jury relied on the carjacking conviction to find that he possessed a firearm in furtherance of a crime of violence.  *Granda*, 990 F.3d at 1289–91.

Martinez contends that a jury could not have found that he used the firearm in furtherance of the carjacking offense because he took the keys to the car from the valet stand without a struggle.  But the carjacking conviction required the jury to find that Martinez took the vehicle by *force* and *violence*.  *See* 18 U.S.C. § 2119.  And we are not at liberty to question that conviction.  *See United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005) ("The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case.").  So because the jury necessarily found that Martinez took the vehicle by force and violence, and because the record shows that Martinez carried a firearm while waiting in the parking garage and while driving the car away after violently forcing its owner

7

inside, it is at least possible that the jury concluded he possessed a firearm in furtherance of the carjacking. *Granda*, 990 F.3d at 1289–91.

Because Martinez cannot establish both cause and prejudice, his only way around procedural default is by establishing actual innocence. The actual innocence exception is "exceedingly narrow"; it concerns factual innocence, not legal innocence. *Id.* at 1292 (quotation omitted). To demonstrate actual innocence of his § 924(c) offense, Martinez must show that no reasonable juror could have concluded that he possessed a firearm in furtherance of the carjacking.[1] *Id.* Martinez cannot make this showing; because the carjacking and hostage taking were part of the same scheme, a reasonable juror could have concluded that he used the firearm in furtherance of both crimes. So because Martinez cannot show cause and prejudice or actual innocence, he cannot overcome the procedural default of his *Davis* claim.

---

[1] Martinez argues that there was insufficient evidence to convict him of the carjacking itself, contending that this shows he is "actually innocent" of the § 924(c) conviction. But we already considered and rejected this argument when he challenged his conviction on direct appeal. *See United States v. Ferreira*, 275 F.3d 1020, 1022 n.1 (11th Cir. 2001). And the "law of the case" doctrine bars relitigation of issues that were decided in an earlier appeal of the same case. *Jordan*, 429 F.3d at 1035. Martinez argues that controlling authority has since made a contrary decision of the law applicable to the issue of whether he is actually innocent of the carjacking and that the previous decision was clearly erroneous and would work a manifest injustice—two exceptions to the "law of the case" doctrine. But none of the cases he points to changed the existing law as to what constitutes a carjacking offense, and our decision in his earlier appeal was not clearly erroneous. Moreover, this issue was not included in the certificate of appealability; that means we lack jurisdiction to consider it absent "exceptional" circumstances which are not present here. *Mays v. United States*, 817 F.3d 728, 733 (11th Cir. 2016).

IV.

Even were we to assume that Martinez's *Davis* claim was not barred on procedural default grounds, the inextricability of the alternative predicate crimes convinces us that the error Martinez complains about—instructing the jury on a constitutionally-invalid predicate as one of two potential alternative predicates— was harmless. *Granda*, 990 F.3d at 1292. On collateral review, the harmless error standard requires that relief is only proper if the court has "grave doubt" about whether the error had "substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quoting *Davis v. Ayala*, 576 U.S. 257, 267–68 (2015)). Put differently, we can only order relief if the error "resulted in actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

The available record does not provoke grave doubt about whether Martinez's § 924(c) conviction rested on an invalid ground. As we already explained, the hostage taking was inextricably intertwined with the carjacking. If the jury found that Martinez possessed a firearm in furtherance of the hostage taking, it would be reasonable for it to also conclude that he possessed the firearm in furtherance of the carjacking—a crime it found him guilty of beyond a reasonable doubt. And because we cannot say that the inclusion of the invalid predicate had a "substantial influence" in determining the jury's verdict, any error

9

in instructing the jury on the potentially invalid predicate was harmless.  *Granda*, 990 F.3d at 1293.

V.

Martinez argues that the Hostage Taking Act violates the Tenth Amendment of the U.S. Constitution.  The district court determined that it lacked jurisdiction to consider this argument because it went beyond the scope of this Circuit's order authorizing Martinez's successive § 2255 motion.  We agree with that decision.  Martinez's application for leave to file a successive § 2255 motion did not assert that the Hostage Taking Act was unconstitutionally vague, so this Circuit did not determine that the issue satisfied the requirements of § 2244(b) and § 2255(h) when granting his application.  And because he never asked, the district court never had subject matter jurisdiction over this claim.  *United States v. Pearson*, 940 F.3d 1210, 1216–17 (11th Cir. 2019).

Martinez also contends that he should get a full resentencing.  But because the arguments in his successive § 2255 petition all fail, he is not entitled to a new sentencing hearing.  *See* 28 U.S.C. § 2255(b).  And to the extent Martinez contends that he is entitled to a de novo sentencing hearing in light of *United States v. Booker*, 543 U.S. 220 (2005), that argument falls outside the scope of his certificate of appealability.  *Mays v. United States*, 817 F.3d 728, 733 (11th Cir. 2016).

10

*    *    *

We therefore **AFFIRM** the district court's denial of Martinez's successive § 2255 motion to vacate.