[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11110

Non-Argument Calendar

_____

EARL LAVELLE WHITE,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-cv-14391-RS

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Earl Lavelle White, a Florida prisoner serving a 20-year sentence for the sale or delivery of cocaine and possession of cocaine, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. First, responding to the issue on which we granted a certificate of appealability ("COA"), he concedes that the district court did not err when it concluded that *Martinez v. Ryan*, 566 U.S. 1 (2012), did not excuse his procedural default in state court as to the second, fourth, and fifth claims in his § 2254 petition—namely, that his trial counsel was ineffective for (2) failing to communicate the state's ten-year plea offer, (4) failing to object to statements during closing arguments that undermined the presumption of innocence, and (5) failing to present a motion for judgment of acquittal. White explains—correctly— that *Martinez* is inapplicable because its holding excuses only procedural default as to attorney errors in initial-review collateral proceedings, not attorney errors in appeals from initial-review collateral proceedings, like here.

Second, despite this concession, he argues that adjacent to the issue on which we granted a COA is the overriding question whether the district court nevertheless erred when it concluded that his procedural default was not excused. White argues that, at least as to Claims 4 and 5, the district court failed to consider whether he had otherwise demonstrated cause and prejudice for

his failure to exhaust those claims.[1]

## I.

Before bringing a § 2254 action in federal court, a state prisoner must exhaust all state court remedies available for challenging his conviction. 28 U.S.C. § 2254(b), (c). To properly exhaust a claim, he "must fairly present every issue in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010). Where the petitioner failed to exhaust the claim in state court and the unexhausted claim would now be foreclosed under state procedural rules, the federal claim is procedurally defaulted and therefore barred. *Henderson v. Campbell*, 353 F.3d 880, 898–99 (11th Cir. 2003). However, such procedural default may be excused if the petitioner establishes cause for and actual prejudice resulting from the default, or if not excusing the default would result in a fundamental miscarriage of justice. *Bailey v. Nagle*, 172 F.3d 1299, 1306 (11th Cir. 1999).

Generally, lack of an attorney or attorney error in the initial state collateral proceeding does not establish cause to excuse a procedural default for claims not raised at that time. *Labrix v. Sec'y Fla. Dep't of Corrs.*, 756 F.3d 1246, 1260 (11th Cir. 2014). However, one

---

[1] We review de novo a district court's grant or denial of a habeas corpus petition. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010). Factual findings are reviewed for clear error, and mixed questions of law and fact are reviewed de novo. *Id.* Whether a particular claim is subject to the procedural-default doctrine is a mixed question of law and fact. *Id.* at 1175.

narrow exception is provided in *Martinez*, where the Supreme Court held that a procedural default would not bar a federal habeas court from hearing a substantial claim of ineffective assistance of trial counsel if (1) the claim could not be heard on direct appeal[2] and (2) in the state's initial-review collateral proceeding there was no counsel, or counsel in that proceeding was ineffective. *Martinez*, 566 U.S. at 13–14, 16.

The Supreme Court so concluded by reasoning that "[w]hen an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim," and that "if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims." *Id.* at 10–11. But the Court emphasized the limited circumstances where this exception applies and stated that "[t]he same is not true when counsel errs in other kinds of postconviction proceedings," and that "[w]hile counsel's errors in these proceedings preclude any further review of the prisoner's claim, the claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding." *Id.* at 11. Accordingly, the Court took care to expressly limit its holding, stating that "[t]he holding in [*Martinez*] does not

---

[2] Generally, under Florida law, claims of ineffective assistance of counsel are not cognizable on direct appeal. *Bruno v. State*, 807 So. 2d 55, 63 (Fla. 2001). However, such a claim may be raised on direct appeal when the ineffectiveness is apparent on the face of the record. *Id.* at 63 n.14.

concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id.* at 16.

Here, *Martinez* does not excuse any procedural default because White's ineffective-assistance-of-trial-counsel claims were raised in his initial-review collateral proceeding. Because these claims were raised during his initial-review collateral proceeding, they fall outside of the concern that underlay the Supreme Court's decision in *Martinez*—that failure to excuse procedural default when claims were not presented in initial-review collateral proceedings could result in claims never being addressed in any court. Indeed, White concedes that *Martinez* does not excuse this procedural bar. Accordingly, White's counsel's failure to appeal the denial of these claims is not excused under *Martinez*, and we affirm as to this issue.

## II.

Generally, we only review claims encompassed by the COA. *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 948 (11th Cir. 2016). Although our review is limited to issues specified in the COA, the COA is construed in light of the pleadings and other parts of the record. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) (quotation marks omitted). On "exceptional occasions," such as when we request supplemental briefing on issues not within the scope of the COA, a COA may be expanded sua sponte to include issues that reasonable jurists would find debatable. *Mays*

*v. United States*, 817 F.3d 728, 733 (11th Cir. 2016) (quotation marks omitted).

Although pro se filings are held to a less stringent standard and are liberally construed, *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020), issues raised for the first time on appeal are generally not considered, "even when *pro se* litigants are involved," *Clements v. Florida*, 59 F.4th 1204, 1208 (11th Cir. 2023), *cert. denied*, No. 23-107 (Dec. 11, 2023).  While this rule is not "iron-clad," we generally exercise our discretion to consider issues raised for the first time on appeal only when: "(1) [the issue]  involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern."  *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*), *cert. denied*, 143 S. Ct. 95 (2022).

Here, White attempts to expand the scope of our COA by arguing that "intertwined" with the question in the COA "is the overriding question of whether the procedural default is excused." To this end, he argues that he demonstrated cause and prejudice for his default of two of his claims.  In doing so, White raises a new argument on appeal that seeks to expand the scope of our COA. Contrary to his contention, his newly raised argument does not involve purely legal questions, nor does it fall under any other exception that would justify exercising our discretion to consider it.

22-11110                Opinion of the Court                7

Because it is not an "exceptional occasion," we decline to sua sponte expand our COA. Accordingly, we affirm the district court's judgment.

**AFFIRMED.**